FILED

1   Robert B. Hawk (Bar No. 118054)
2   Kristi K. Elder (Bar No. 231996)
    HOGAN LOVELLS US LLP
3   525 University Avenue, 4th Floor
    Palo Alto, California 94301
    Telephone: (650) 463-4000
4   Facsimile: (650) 463-4199
    robert.hawk@hoganlovells.com
5   kris.elder@hoganlovells.com

6   Attorneys for Defendant
    I-HEALTH, INC.
7

2012 JUN 25  PM 3: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11  AMY JOVEL, on behalf of herself and all
    others similarly situated,
12
                                              Case No. CV12-5526-DDP
13            Plaintiff,                       (JCGx)

14       v.                                    NOTICE OF REMOVAL OF
                                              ACTION UNDER 28 U.S.C. §
15  I-HEALTH, INC., a Delaware                1441(a), 28 U.S.C. § 1446, AND
    Corporation,                              THE CLASS ACTION
16                                            FAIRNESS ACT
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

                                                      NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO ALL

2   PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that Defendant i-Health, Inc. ("i-Health") hereby

4   removes this action from the Superior Court of the State of California for the

5   County of Los Angeles to the United States District Court, Central District of

6   California, Western Division.

7    In support thereof, i-Health states as follows:

8    1.    This Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(a)

9   and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005),

10  codified at 28 U.S.C. §1332(d).

11   2.    Plaintiff Amy Jovel filed a putative Class Action Complaint on March

12  16, 2012. ("Complaint" or "Compl.")  The Complaint included claims on behalf of

13  plaintiff individually as well as a putative class of California consumers who

14  purchased certain BrainStrong products developed and sold by i-Health.  Compl.

15  ¶29.  i-Health was served with the Complaint on March 20, 2012.

16   3.    Plaintiff filed a First Amended Complaint on April 16, 2012. ("FAC")

17  As with the Complaint, the FAC asserted claims on behalf plaintiff individually as

18  well as a putative class of California consumers who purchased certain BrainStrong

19  products developed and sold by i-Health.  FAC ¶29.  i-Health was served with the

20  FAC on April 17, 2012.

21   4.    Plaintiff filed a Second Amended Complaint on May 30, 2012.

22  ("SAC")  In the SAC, plaintiff for the first time asserts claims on behalf of herself,

23  as well as a "multi-state" putative class of "[a]ll consumers who purchased

24  BrainStrong Toddler, BrainStrong Kids and/or BrainStrong Adults" products.  SAC

25  ¶29.  i-Health was served with the SAC on May 30, 2012.  It is on the basis of this

26  expanded, nationwide putative class that i-Health had a basis to and hereby seeks to

27  remove.

28

1

NOTICE OF REMOVAL

<u>Diversity Jurisdiction Under CAFA</u>

5.    Enacted to expand federal diversity jurisdiction over purported class actions, CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b) and 1332(d).

6.    CAFA's first requirement – that class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) – is satisfied. This putative nationwide class action is brought on behalf of "[a]ll consumers who purchased BrainStrong Toddler, BrainStrong Kids and/or BrainStrong adults." SAC ¶ 29. In this regard, note that i-Health began marketing and selling the products at issue in the United States in March 2011. *See* Declaration of Wes Parris In Support of Notice of Removal ("Parris Decl.") at ¶3. i-Health has a reasonable basis to conclude that there are far more than 100 members of the putative class, as from March 2011 through the end of May 2012, i-Health sold more than 340,000 units via retail sales of the BrainStrong products at issue in the United States. *Id.* at ¶¶4-5.

7.    CAFA's second requirement – that any one member of the purported class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)) – is also satisfied. i-Health is not a citizen of California. Parris Decl. ¶2. And Plaintiff is a California citizen, SAC ¶ 10, and purports to represent a nationwide class of U.S. citizens. *Id.* ¶ 29.

8.    CAFA's third requirement – that the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs (28 U.S.C. § 1332(d)(2)) – is satisfied as well. i-Health disputes the theories of liability and asserted remedies advanced in the SAC. Nevertheless, Plaintiffs seeks, among other things, restitution for the purchase price paid by the putative class of consumers. SAC ¶80 and prayer for relief. This amount, without more, puts more than $5,000,000 in

1   controversy, as i-Health has more than $6 million in retail sales in the United States
2   of the products at issue.  Parris Decl. ¶5.

3       9.      In addition, plaintiffs also seek other damages, including punitive
4   damages, injunctive relief and attorneys' fees, all of which will increase the amount
5   in controversy.  *See, e.g., Tompkins v. Basic Research LLC*, 2008 WL 1808316, *4
6   (E.D. Cal. April 22, 2008) (defendants' cost of compliance with an injunction is
7   factored in to the amount in controversy).

8                    Procedural Requirements Under Removal Statute

9       10.     The procedural requirements set forth in 28 U.S.C. § 1446 are also
10  satisfied here.  Section (a) of that statute requires the removing party to file a notice
11  of removal "in the district court of the United States for the district and division
12  within which such action is pending," which i-Health does with this filing.  Section
13  (a) also requires a moving party to provide a copy to the district court of all process,
14  pleadings, and orders served on defendants in the state action.  The Complaint,
15  FAC, SAC, summons, and other documents served on i-Health are attached hereto
16  as Exhibit A.

17      11.     i-Health was served with the SAC on May 30, 2012.  *See* Summons,
18  Ex. A.  i-Health did not have a basis to remove this action until it was served with
19  the SAC, which purports to bring claims on behalf of a nationwide class of
20  consumers and thereby makes the amount in controversy greater than $5,000,000.
21  As a result, i-Health's filing of this Notice of Removal is timely.  *See* 28 U.S.C.
22  §1446(b)(3).

23      12.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are
24  being served upon counsel for Plaintiff and filed with the Clerk of the Superior
25  Court of California for the County of Los Angeles.

26      Based upon the foregoing, i-Health therefore respectfully submits:  (i) that
27  this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and
28  1453; and (ii) that the procedural requirements under 28 U.S.C. § 1446 are met.  As

                                      3

1  such, this action is properly removable to federal court.

2

3  Date:  June 22, 2012                    HOGAN LOVELLS US LLP

4

5                                    By: _____
                                         Robert B. Hawk
6

7                                    Attorneys for Defendant
                                     I-HEALTH, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4

# EXHIBIT A

1   BONNETT, FAIRBOURN, FRIEDMAN
      & BALINT, P.C.
2   PATRICIA N. SYVERSON (203111)
    2901 N. Central Ave., Suite 1000
3   Phoenix, AZ 85012
    psyverson@bffb.com
4   Telephone:   (602) 274-1100

5   BONNETT, FAIRBOURN, FRIEDMAN
      & BALINT, P.C.
6   TODD D. CARPENTER (234464)
    600 W. Broadway, Suite 900
7   San Diego, California 92101
    tcarpenter@bffb.com
8   Telephone: (619) 756-6978

9   LEVIN, FISHBEIN, SEDRAN & BERMAN
    STEWART WELTMAN, OF COUNSEL
10  122 S. Michigan Avenue, Suite 1850
    Chicago, Illinois 60603
11  sweltman@futtermanhoward.com
    Telephone: (312) 427-3600
12
    LEVIN, FISHBEIN, SEDRAN & BERMAN
13  HOWARD J. SEDRAN
    510 Walnut Street
14  Philadelphia, Pennsylvania 19106
    Telephone: 215-592-1500
15  Attorneys for Plaintiff

16          SUPERIOR COURT OF THE STATE OF CALIFORNIA
17                 COUNTY OF LOS ANGELES

18  AMY JOVEL, On Behalf of Herself and      Case No.:
    All Others Similarly Situated,
19                                           **CLASS ACTION COMPLAINT FOR:**
                Plaintiff,
20                                           1.   VIOLATION OF THE UNFAIR
                                                  COMPETITION LAW, Business and
21          v.                                    Professions Code §17200 *et seq.*;
                                             2.   VIOLATION OF THE CONSUMERS
22                                                LEGAL REMEDIES ACT,
    I-HEALTH, INC., a Delaware                    Civil Code §1750 *et seq.*; and
23  Corporation                              3.   BREACH OF EXPRESS
                                                  WARRANTY.
24              Defendant.

25                                           DEMAND FOR JURY TRIAL

26

27

28

Exh. A
5

Plaintiff Amy Jovel brings this action on behalf of herself and all others similarly situated against Defendant I-Health, Inc. and states:

## NATURE OF ACTION

1.      Defendant manufactures, markets, sells and distributes BrainStrong, a line of four dietary supplements fortified with highly processed fermented algae.[1]  Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendant claims that taking its BrainStrong products will support brain health.  On each and every BrainStrong Toddler and Kids package, where it cannot be missed by consumers, Defendant prominently states that BrainStrong "Supports brain development and function".   Similarly, on each and every BrainStrong Adult package, Defendant represents that the product is "clinically shown to improve memory", "naturally supports mental clarity" and "helps protect against normal cognitive decline" (hereinafter "the brain health representations").  The brain health representations appear prominently on the front of each and every BrainStrong box.

2.      In truth, the BrainStrong products do not support brain health in children or adults.   Clinical cause and effect studies have consistently found no causative link between DHA algal oil supplementation and brain health.  Defendant's representations are false, misleading, and reasonably likely to deceive the public.

3.      Defendant has employed numerous methods to convey its uniform, deceptive brain health representations to consumers, starting with the Products' "BrainStrong" name, its website and in its online and print promotional materials and, importantly, prominently on the front and center of the Products' packaging where the brain health representations cannot be missed by consumers. The only reason a consumer would purchase BrainStrong is to obtain the advertised brain health benefits, which are the

---

[1] These products include: (1) BrainStrong Prenatal; (2) BrainStrong Toddler; (3) BrainStrong Kids; and (4) BrainStrong Adults.   This lawsuit concerns only three of the products -- BrainStrong Toddler, BrainStrong Kids and BrainStrong Adults (collectively "BrainStrong" or "the Products").

*Exh. A*

1  only represented benefits and which the Products do not provide.

2       4.    As a result of Defendant's deceptive brain health representations, consumers

3  – including Plaintiff and members of the proposed Class – have purchased Products that

4  do not perform as advertised.

5       5.    Plaintiff brings this action on behalf of herself and other similarly situated

6  consumers in California who have purchased BrainStrong to halt the dissemination of this

7  false, misleading and deceptive advertising message, correct the false and misleading

8  perception it has created in the minds of consumers, and obtain redress for those who have

9  purchased the Products.  Plaintiff alleges violations of the Consumers Legal Remedies

10  Act, the Unfair Competition Law, and Breach of Express Warranty created by

11  Defendant's advertising, including false labeling.

12  **JURISDICTION AND VENUE**

13       6.    This Court has jurisdiction over Defendant and the claims set forth below

14  pursuant to Code of Civil Procedure §410.10 and the California Constitution, Article VI

15  §10, because this case is a cause not given by statute to other trial courts.

16       7.    This Court has jurisdiction over Defendant because it is a corporation that

17  does substantial business in California, including Los Angeles County.  Defendant

18  promotes, markets, distributes and sells BrainStrong in Los Angeles County, causing

19  Defendant to incur both obligations and liabilities in Los Angeles County.

20       8.    The amount in controversy does not exceed $74,999.00 with respect to

21  Plaintiff's claim and the Class members' claims as a whole do not exceed the

22  jurisdictional limit of $5,000,000 for purposes of establishing jurisdiction diversity

23  jurisdiction pursuant to the Class Action Fairness Act. More than two thirds of the

24  members of the Class currently reside in California. The amount in controversy

25  requirement exceeds the jurisdiction minimum of this Court.

26       9.    Venue is proper in Los Angeles County because Defendant systemically and

27  continuously transacts business in Los Angeles County California and the transactions

28

1   with Plaintiff took place in Los Angeles County, California

2                                **PARTIES**

3       10.    Plaintiff Amy Jovel resides in Los Angeles County, California.  In or around

4   December 2011, Plaintiff Jovel purchased one box of BrainStrong Kids from a Wal-Mart

5   in Los Angeles, California.  Prior to purchasing BrainStrong Kids, Plaintiff Jovel was

6   exposed to and saw Defendant's advertisements claiming that the Products support brain

7   health in adults and children.  Prior to purchasing the Product, Plaintiff also read the

8   BrainStrong Kids label reaffirming the claims she saw in the advertisements.  Relying on

9   these claims, Plaintiff Jovel purchased BrainStrong Kids, believing the Product supported

10  brain health.  She paid approximately $15 for the Product.  Plaintiff gave the Product to

11  her daughter as directed.  The BrainStrong Kids product Plaintiff purchased does not

12  support brain health as represented.  As a result, Plaintiff suffered injury in fact and lost

13  money.   Had Plaintiff known the truth about Defendant's misrepresentations and

14  omissions, she would not have purchased BrainStrong Kids.

15      11.    Defendant I-Health, Inc ("I-Health") is a corporation organized and existing

16  under the laws of the state of Delaware.  I-Health's headquarters is at 55 Sebethe Drive,

17  Suite 102, Cromwell, Connecticut 06416. Defendant I-Health manufactured, advertised,

18  marketed, distributed and sold the BrainStrong products throughout California.

19                          **FACTUAL ALLEGATIONS**

20  *The BrainStrong Products*

21      12.    Since April 2011, Defendant has manufactured, distributed, marketed and

22  sold its BrainStrong products throughout California.  This lawsuit concerns three of those

23  products:  (1) BrainStrong Toddler; (2) BrainStrong Kids; (3) and BrainStrong Adults.

24      13.    Defendant's BrainStrong products are sold in virtually every major food,

25  drug, and mass retail outlet in the country. The Products retail for approximately $15-

26  $30. The following are screen shots of the Products:

27

28
                                   Exh. A
                                     8
                                   - 4 -



14.     Since the Products' launch, Defendant has consistently conveyed the message to consumers throughout California that its BrainStrong products provide an essential daily supplement fortified with DHA algal oil that "supports brain health and function" in children and adults.  They do not.  Defendant's brain health representations are false, misleading and deceptive.

15.     All three BrainStrong products contain "life's DHA".  DHA is a long-chain omega-3 fatty acid typically found in cold water fish.  The DHA in Defendant's BrainStrong products is not derived from fish oil.  Instead, the DHA oil in Defendant's products is an immature short-chain omega-3 fatty acid made from an extract of mutated and fermented algae. Contrary to Defendant's representations made on each and every Product package, DHA algal oil does not support brain health.

16.     There are no competent and reliable scientific studies that DHA algal oil supplementation supports brain health.  The one and only "reference" appearing on any of the Products is on the BrainStrong Adult label, purportedly supporting Defendant's "clinically shown to improve memory" representation.  But, no identifying information is included with the "reference" to enable consumers to locate and review the "reference".  The "reference" is not competent and reliable scientific support for Defendant's brain

1    health representation.

2        17.    In truth, clinical cause and effect studies establish that Defendant's brain

3    health representations are deceptive.  For example, in Kirby, A., et. al., *A Double-Blind,*

4    *Placebo-Controlled Study Investigating the Effects of Omega-3 Supplementation in*

5    *Children Aged 8-10 Years from a Mainstream School Population*, 31(3) Research in

6    Developmental Disabilities 718-30 (2010),  the study authors examined the effects of fish

7    oil DHA supplementation on 450 students (ages 8-10 years old) for 16 weeks. *Id.* at 720.

8    The study authors found that despite the wide range of cognitive and behavior outcomes

9    used, DHA supplementation resulted in no significant differences in cognitive results:

10   "very few significant differences between the supplemented and placebo group on the

11   learning and performance measures used." *Id.* at 729.

12       18.    Similarly, a 2008 study funded by Martek Biosciences, the manufacturers of

13   the Life's DHA in the Products, concluded that there was no statistically significant

14   difference between the DHA and placebo group in cognitive function.  *See* Ryan, A., et

15   al., *Assessing the Effect of Docosahexaemoic Acid on Cognitive Functions in Healthy*

16   *Preschool Children*, 47(4) Clin. Pediatr. 355-62 (2008) (the Ryan Study).[2] *See also*

17   Eilander, A., et al., *Effects of n-3 long chain polyunsaturated fatty acid supplementation*

18   *on visual and cognitive development throughout childhood: a review of human studies*,

19   76(4) J. Prostaglandins, Leukotrienes and Essential Fatty Acids 189-203 (Apr. 2007)

20   ("Evidence for benefits of n-3 LCPUFA on cognitive development in healthy children

21   older than 2 years of age is too limited to allow a clear conclusion.").

22       19.    These and other competent and reliable scientific studies have found no

23   cause and effect relationship between intake of dietary supplements with DHA algal oil

24   and cognitive development.   Defendant's brain health representations are false and

25   misleading and reasonably likely to deceive the average consumer.

---

[2] This study examined 175 4-year old children who received either 400 mg/d of DHA derived
from the microalgae *Schizochytrium* spp or a placebo in capsules for 4 months.

Exh. A
10

20.     Despite the lack of any competent and reliable scientific evidence that DHA algal oil supplementation supports brain health and the overwhelming evidence that it does not, each and every Product package repeatedly emphasizes that the BrainStrong products support brain health.  Each and every consumer who purchases the Products is exposed to these deceptive brain health representations, which appear prominently and conspicuously on the front of the Products' packaging:



21.     And, the entire backside panel is dedicated to promoting the DHA algal oil in Defendant's Products and its purported ability to support brain health:

Copies of all the BrainStrong product labels are attached hereto as Exhibit A.

*The Impact of Defendant's Wrongful Conduct*

22.    Despite inadequate and inapposite testing, Defendant continues to unequivocally claim that its Products support brain health and function for children and adults alike.

23.    As the manufacturer and distributor of the BrainStrong products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects - and has learned of the effects - its Products have on consumers.

24.    Specifically, Defendant knew or should have known, but failed to disclose that its Products do not support brain health, that it has no competent and reliable scientific evidence that BrainStrong works as represented and that well conducted, clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

Exh. A
12

25.     Nonetheless, Defendant conveyed and continues to convey one uniform message through its advertising campaign: BrainStrong supports brain health in children and adults.

26.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive brain health representations.  Plaintiff purchased and consumed the Product during the relevant time period and in doing so, read and considered the Product labels and based her decision to buy the Product on the brain health representations.  Defendant's brain health representations and omissions were a material factor in influencing Plaintiff's decision to purchase and give her daughter the Product.  Plaintiff would not have purchased the Product had she known that Defendant's claims were false and misleading, that Defendant did not possess competent and reliable scientific evidence to support its brain health representations, and that clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

27.     As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendant's representations, supported brain health, when, in fact, they do not.

28.     Defendant, by contrast, reaped enormous profits from its false marketing and sale of these products.

## CLASS DEFINITION AND ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all similarly situated consumers pursuant to C.C.P. §382 and Cal. Civ. Code §1781.  The Class of persons whom plaintiff seeks to represent is defined as:

> All California consumers who purchased BrainStrong Toddler, BrainStrong Kids and/or BrainStrong Adults.

Exh. A
13

Excluded from the Class are Defendant and its officers, directors and employees and those who purchased BrainStrong for the purpose of resale.

30.     Plaintiff and the members of the Class are so numerous and geographically dispersed throughout the State of California that joinder of all members individually is impracticable. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

31.     The disposition of Plaintiff's and proposed Class members' claims in a class action will provide substantial benefits to both the parties and the Court.

32.     The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in a similar fashion based upon Defendant's uniform warranties and misrepresentations and material omissions about its BrainStrong products.

33.     The questions of law and fact common to the proposed Class predominate over questions that may affect particular proposed Class members.  Common questions of fact and law include, but are not limited to, the following:

(a)     whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(b)     whether Defendant's alleged conduct violates public policy;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Defendant engaged in false or misleading advertising;

(e)     whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(f)     whether Plaintiff and Class members are entitled to restitution and disgorgement of damages; and

Exh. A
14

- 10 -

(g)     whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

34.     Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

35.     Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above, and were subject to Defendant's deceptive brain health representations, including the deceptive brain health representations that accompanied each and every box of BrainStrong.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

36.     Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity with all of the obligations and duties material thereto.  Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Class.

37.     The self interests of the Plaintiff are co-extensive with, and not antagonistic to, those of the absent Class members.  Plaintiff will undertake to represent and protect the interests of the absent Class members.

38.     Plaintiff has engaged the services of counsel indicated below.  Counsel are experienced in complex class action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise will represent the plaintiff and absent Class members.

39.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiff and Class members.

40.     Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.  Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

41.     Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

42.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43.     Plaintiff brings this claim individually and on behalf of the Class.

44.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct because she purchased the Product in reliance on Defendant's brain health representations, but did not receive a product that supports brain health.

45.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.   In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

46.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

47.     Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising,

Exh. A
16

- 12 -

misrepresented and omitted material facts regarding its BrainStrong products, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

48.   As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.   Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.   This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

49.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

50.   Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

51.   Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

52.   Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

53.   As a result of its deception, Defendant has been able to reap unjust revenue and profit.

54.   Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

55.   Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

Exhs A

## COUNT II
### Violations of the Consumers Legal Remedies Act –
### Civil Code §1750 *et seq.*

56.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57.     Plaintiff brings this claim individually and on behalf of the Class.

58.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").  Plaintiff is a consumer as defined by California Civil Code §1761(d).  The BrainStrong products are "goods" within the meaning of the Act.

59.     Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the BrainStrong products:

(5)     Representing    that    [the    BrainStrong    products    have]. . . .    approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

                              *          *          *

(7)     Representing that [the BrainStrong products are] of a particular standard, quality or grade . . . if [they are] of another.

                              *          *          *

(9)     Advertising goods . . . with intent not to sell them as advertised.

                              *          *          *

(16)    Representing that [the BrainStrong products have] been supplied in accordance with a previous representation when [they have] not.

60.     Defendant violated the Act by representing and failing to disclose material facts on the BrainStrong labels and associated advertising, as described above, when it

Exh. A
18

- 14 -

knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

61.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

62.     Pursuant to §1782 of the Act, Plaintiff notified Defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.  A copy of the letter is attached hereto as Exhibit B.

63.     If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual, punitive and statutory damages, as appropriate.

64.     Pursuant to §1780(d) of the Act, attached hereto as Exhibit C is the affidavit showing that this action has been commenced in the proper forum.

**COUNT III**
**Breach of Express Warranty**

65.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66.     Plaintiff brings this claim individually and on behalf of the Class.

67.     Defendant expressly warranted on each and every box of BrainStrong that the Products "support brain development and function" in children and adults alike.  The brain health representations made by Defendant are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.   Plaintiff placed importance on Defendant's brain health representations.

Exh. A
19

68.     All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

69.     Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that would support brain health as represented.

70.     As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

E.     Ordering Defendant to engage in a corrective advertising campaign;

F.     Awarding attorneys' fees and costs; and

G.     Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: March 16, 2012

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com

Exh. A
30

- 16 -

Telephone: (619) 756-6978

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
psyverson@bffb.com
Telephone: (602) 274-1100

LEVIN, FISHBEIN, SEDRAN & BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-3600

LEVIN, FISHBEIN, SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500

Attorneys for Plaintiff

Exh. A
21
- 17 -

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

I-Health, Inc., a Delaware corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Amy Jovel, On Behalf of Herself and All Others Similarly Situated

CONFORMED COPY
ORIGINAL FILED
MAR 16 2012

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

CASE NUMBER:
*(Número del Caso):* BC 481048

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bonnett, Fairbourn, Friedman & Balint, 600 W. Broadway, Ste. 900, San Diego, CA 92101 (619) 756-6978

DATE: MAR 16 2012
*(Fecha):*

Clerk, by Mary Flores , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  I-HEALTH, INC, a DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exh. A
22

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Todd D. Carpenter (234464)
Bonnett, Fairbourn, Friedman & Balint, P.C.
600 W. Broadway, Suite 900
San Diego, CA 92101

**TELEPHONE NO.:** 619-756-6978   **FAX NO.:**
**ATTORNEY FOR** *(Name):* Plaintiff Amy Joyel

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 16 2012

John A. Clarke, Executive Officer/Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
**STREET ADDRESS:** 111 N. Hill Street
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Los Angeles, CA 90012
**BRANCH NAME:** Stanley Mosk Courthouse

**CASE NAME:**
Joyel v. i-Health, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 4 8 4 0 4 8 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 16, 2012

Todd D. Carpenter
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | Page 1 of 2 |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** |

A TRUE COPY ATTEST

PROCESS SERVER
MICHAEL WALTON

Exh. A
23

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Ex A

| SHORT TITLE: Jevel v. I-Health, Inc. | CASE NUMBER: BC481048 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 14 ☐ HOURS/ ☑ DAYS

Item II.  Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1:  After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2:  Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3:  In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4:  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

|  |  |  | Column A |  | Column B |  | Column C |
|---|---|---|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ | A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1, 2, 4. |
| | Uninsured Motorist (46) | ☐ | A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1, 2, 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ | A6070 | Asbestos Property Damage | | 2. |
| | | ☐ | A7221 | Asbestos – Personal Injury/Wrongful Death | | 2. |
| | Product Liability (24) | ☐ | A7260 | Product Liability (not asbestos or toxic/environmental) | | 1, 2, 3, 4, 8. |
| | Medical Malpractice (45) | ☐ | A7210 | Medical Malpractice - Physicians & Surgeons | | 1, 4. |
| | | ☐ | A7240 | Other Professional Health Care Malpractice | | 1, 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250 | Premises Liability (e.g., slip and fall) | | 1, 4. |
| | | ☐ | A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1, 4. |
| | | ☐ | A7270 | Intentional Infliction of Emotional Distress | | 1, 3. |
| | | ☐ | A7220 | Other Personal Injury/Property Damage/Wrongful Death | | 1, 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Exh. A
25

| SHORT TITLE: Jovel v. I-Health, Inc. | CASE NUMBER |
|---|---|

|  | A (Civil Case Cover Sheet Category No.) | B (Type of Action (Check only one)) | C (Applicable Reasons - See Step 3 Above) |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exh. A

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Jovel v. I-Health, Inc. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jovel v. I-Health, Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: | ZIP CODE: |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __March 16, 2012__

_____ #277877
(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ **BC481048**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias** | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle\*** | 323 | CCW |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |

\*Class Actions

All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Page 1 of 2



Exh. A
29

1   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
2   PATRICIA N. SYVERSON (203111)
    2901 N. Central Ave., Suite 1000
3   Phoenix, AZ 85012
    psyverson@bffb.com
4   Telephone:   (602) 274-1100

5   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
6   TODD D. CARPENTER (234464)
    600 W. Broadway, Suite 900
7   San Diego, California 92101
    tcarpenter@bffb.com
8   Telephone: (619) 756-6978

9   LEVIN, FISHBEIN, SEDRAN & BERMAN
    STEWART WELTMAN, OF COUNSEL
10  122 S. Michigan Avenue, Suite 1850
    Chicago, Illinois 60603
11  sweltman@fluttermanhoward.com
    Telephone:   (312) 427-3600

12
    LEVIN, FISHBEIN, SEDRAN & BERMAN
13  HOWARD J. SEDRAN
    510 Walnut Street
14  Philadelphia, Pennsylvania 19106
    Telephone: 215-592-1500
15  Attorneys for Plaintiff

16
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
17                     COUNTY OF LOS ANGELES

18  AMY JOVEL, On Behalf of Herself and     Case No.: BC481048
    All Others Similarly Situated,
19                                          FIRST AMENDED CLASS ACTION
                                            COMPLAINT FOR:
20          Plaintiff,
                                            1.   VIOLATION OF THE UNFAIR
21       v.                                      COMPETITION LAW, Business and
                                                 Professions Code §17200 *et seq.*;
22                                          2.   VIOLATION OF THE CONSUMERS
    I-HEALTH, INC., a Delaware                   LEGAL REMEDIES ACT,
23  Corporation                                  Civil Code §1750 *et seq.*; and
                                            3.   BREACH OF EXPRESS
24          Defendant.                           WARRANTY.

25
26                                          DEMAND FOR JURY TRIAL

27

28

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 16 2012

John A. Clarke, Executive Officer/Clerk
By: Tanaya Lewis, Deputy

Exh. A
30

Plaintiff Amy Jovel brings this action on behalf of herself and all others similarly situated against Defendant I-Health, Inc. and states:

## NATURE OF ACTION

1.      Defendant manufactures, markets, sells and distributes BrainStrong, a line of four dietary supplements fortified with highly processed fermented algae.[1]  Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendant claims that taking its BrainStrong products will support brain health.  On each and every BrainStrong Toddler and Kids package, where it cannot be missed by consumers, Defendant prominently states that BrainStrong "Supports brain development and function".   Similarly, on each and every BrainStrong Adult package, Defendant represents that the product is "clinically shown to improve memory", "naturally supports mental clarity" and "helps protect against normal cognitive decline" (hereinafter "the brain health representations").  The brain health representations appear prominently on the front of each and every BrainStrong box.

2.      In truth, the BrainStrong products do not support brain health in children or adults.   Clinical cause and effect studies have consistently found no causative link between DHA algal oil supplementation and brain health.  Defendant's representations are false, misleading, and reasonably likely to deceive the public.

3.      Defendant has employed numerous methods to convey its uniform, deceptive brain health representations to consumers, starting with the Products' "BrainStrong" name, its website and in its online and print promotional materials and, importantly, prominently on the front and center of the Products' packaging where the brain health representations cannot be missed by consumers.  The only reason a consumer would purchase BrainStrong is to obtain the advertised brain health benefits, which are the

---

[1] These products include: (1) BrainStrong Prenatal; (2) BrainStrong Toddler; (3) BrainStrong Kids; and (4) BrainStrong Adults.   This lawsuit concerns only three of the products -- BrainStrong Toddler, BrainStrong Kids and BrainStrong Adults (collectively "BrainStrong" or "the Products").

Exh. A
31
- 2 -

1  only represented benefits and which the Products do not provide.

2      4.      As a result of Defendant's deceptive brain health representations, consumers

3  – including Plaintiff and members of the proposed Class – have purchased Products that

4  do not perform as advertised.

5      5.      Plaintiff brings this action on behalf of herself and other similarly situated

6  consumers in California who have purchased BrainStrong to halt the dissemination of this

7  false, misleading and deceptive advertising message, correct the false and misleading

8  perception it has created in the minds of consumers, and obtain redress for those who have

9  purchased the Products.  Plaintiff alleges violations of the Consumers Legal Remedies

10  Act, the Unfair Competition Law, and Breach of Express Warranty created by

11  Defendant's advertising, including false labeling.

12                    **JURISDICTION AND VENUE**

13      6.      This Court has jurisdiction over Defendant and the claims set forth below

14  pursuant to Code of Civil Procedure §410.10 and the California Constitution, Article VI

15  §10, because this case is a cause not given by statute to other trial courts.

16      7.      This Court has jurisdiction over Defendant because it is a corporation that

17  does substantial business in California, including Los Angeles County.  Defendant

18  promotes, markets, distributes and sells BrainStrong in Los Angeles County, causing

19  Defendant to incur both obligations and liabilities in Los Angeles County.

20      8.      The amount in controversy does not exceed $74,999.00 with respect to

21  Plaintiff's claim and the Class members' claims as a whole do not exceed the

22  jurisdictional limit of $5,000,000 for purposes of establishing jurisdiction diversity

23  jurisdiction pursuant to the Class Action Fairness Act. More than two thirds of the

24  members of the Class currently reside in California. The amount in controversy

25  requirement exceeds the jurisdiction minimum of this Court.

26      9.      Venue is proper in Los Angeles County because Defendant systemically and

27  continuously transacts business in Los Angeles County California and the transactions

28

Exh. A
32
- 3 -

with Plaintiff took place in Los Angeles County, California

## PARTIES

10.     Plaintiff Amy Jovel resides in Los Angeles County, California.  In or around December 2011, Plaintiff Jovel purchased one box of BrainStrong Kids from a Wal-Mart in Los Angeles, California.  Prior to purchasing BrainStrong Kids, Plaintiff Jovel was exposed to and saw Defendant's advertisements claiming that the Products support brain health in adults and children.  Prior to purchasing the Product, Plaintiff also read the BrainStrong Kids label reaffirming the claims she saw in the advertisements.  Relying on these claims, Plaintiff Jovel purchased BrainStrong Kids, believing the Product supported brain health.  She paid approximately $15 for the Product.  Plaintiff gave the Product to her daughter as directed.  The BrainStrong Kids product Plaintiff purchased does not support brain health as represented.  As a result, Plaintiff suffered injury in fact and lost money.  Had Plaintiff known the truth about Defendant's misrepresentations and omissions, she would not have purchased BrainStrong Kids.

11.     Defendant I-Health, Inc ("I-Health") is a corporation organized and existing under the laws of the state of Delaware.  I-Health's headquarters is at 55 Sebethe Drive, Suite 102, Cromwell, Connecticut 06416. Defendant I-Health manufactured, advertised, marketed, distributed and sold the BrainStrong products throughout California.

## FACTUAL ALLEGATIONS

### The BrainStrong Products

12.     Since April 2011, Defendant has manufactured, distributed, marketed and sold its BrainStrong products throughout California.  This lawsuit concerns three of those products:  (1) BrainStrong Toddler; (2) BrainStrong Kids; (3) and BrainStrong Adults.

13.     Defendant's BrainStrong products are sold in virtually every major food, drug, and mass retail outlet in the country.  The Products retail for approximately $15-$30. The following are screen shots of the Products:

Exh. A
33
-4-

  

14.    Since the Products' launch, Defendant has consistently conveyed the message to consumers throughout California that its BrainStrong products provide an essential daily supplement fortified with DHA algal oil that "supports brain health and function" in children and adults.  They do not.  Defendant's brain health representations are false, misleading and deceptive.

15.    All three BrainStrong products contain "life's DHA".  DHA is a long-chain omega-3 fatty acid typically found in cold water fish.  The DHA in Defendant's BrainStrong products is not derived from fish oil.  Instead, the DHA oil in Defendant's products is an immature short-chain omega-3 fatty acid made from an extract of mutated and fermented algae. Contrary to Defendant's representations made on each and every Product package, DHA algal oil does not support brain health.

16.    There are no competent and reliable scientific studies that DHA algal oil supplementation supports brain health.  The one and only "reference" appearing on any of the Products is on the BrainStrong Adult label, purportedly supporting Defendant's "clinically shown to improve memory" representation.  But, no identifying information is included with the "reference" to enable consumers to locate and review the "reference".  The "reference" is not competent and reliable scientific support for Defendant's brain

1  health representation.

2      17.    In truth, clinical cause and effect studies establish that Defendant's brain

3  health representations are deceptive.  For example, in Kirby, A., et. al., *A Double-Blind,*

4  *Placebo-Controlled Study Investigating the Effects of Omega-3 Supplementation in*

5  *Children Aged 8-10 Years from a Mainstream School Population*, 31(3) Research in

6  Developmental Disabilities 718-30 (2010),  the study authors examined the effects of fish

7  oil DHA supplementation on 450 students (ages 8-10 years old) for 16 weeks. *Id.* at 720.

8  The study authors found that despite the wide range of cognitive and behavior outcomes

9  used, DHA supplementation resulted in no significant differences in cognitive results:

10  "very few significant differences between the supplemented and placebo group on the

11  learning and performance measures used." *Id.* at 729.

12      18.    Similarly, a 2008 study funded by Martek Biosciences, the manufacturers of

13  the Life's DHA in the Products, concluded that there was no statistically significant

14  difference between the DHA and placebo group in cognitive function. *See* Ryan, A., et

15  al., *Assessing the Effect of Docosahexaemoic Acid on Cognitive Functions in Healthy*

16  *Preschool Children*, 47(4) Clin. Pediatr. 355-62 (2008) (the Ryan Study).[2] *See also*

17  Eilander, A., et al., *Effects of n-3 long chain polyunsaturated fatty acid supplementation*

18  *on visual and cognitive development throughout childhood: a review of human studies*,

19  76(4) J. Prostaglandins, Leukotrienes and Essential Fatty Acids 189-203 (Apr. 2007)

20  ("Evidence for benefits of n-3 LCPUFA on cognitive development in healthy children

21  older than 2 years of age is too limited to allow a clear conclusion.").

22      19.    These and other competent and reliable scientific studies have found no

23  cause and effect relationship between intake of dietary supplements with DHA algal oil

24  and cognitive development.   Defendant's brain health representations are false and

25  misleading and reasonably likely to deceive the average consumer.

26  ────────────────

27  [2] This study examined 175 4-year old children who received either 400 mg/d of DHA derived
from the microalgae *Schizochytrium* spp or a placebo in capsules for 4 months.

28                          Exh. A
                            35
                           - 6 -

20.    Despite the lack of any competent and reliable scientific evidence that DHA algal oil supplementation supports brain health and the overwhelming evidence that it does not, each and every Product package repeatedly emphasizes that the BrainStrong products support brain health.  Each and every consumer who purchases the Products is exposed to these deceptive brain health representations, which appear prominently and conspicuously on the front of the Products' packaging:





21.    And, the entire backside panel is dedicated to promoting the DHA algal oil in Defendant's Products and its purported ability to support brain health:

**Give your child a "vitamin" for their brain every day!**

The school-age years bring a whole new set of challenges for young children. Ensuring that they get the proper amount of rest and eat a healthy diet is key. Supplementing their diet with DHA, an Omega-3 fatty acid and essential brain nutrient, will help keep your child's brain functioning at its best.*

BrainStrong™ Kids great tasting gummies contain *life'sDHA*™, the same brand of DHA found in infant formula. Since most kids don't eat the foods that naturally contain DHA, a supplement containing DHA is especially important to help promote optimal brain function.*

## Supplement Facts

Serving Size: One (1) Gummy

Servings Per Container: 30

| | Amount Per Serving | % DV 3 years of age | % DV 4+ years of age |
|---|---|---|---|
| Calories | 5 | | |
| Carbohydrates | 1g | 0% | 0% |
| Sugars | 1g | | |
| Vitamin A (Palmitate) | 2500 IU | 100% | 50% |
| Vitamin C (as Ascorbic Acid) | 60 mg | 150% | 100% |
| Vitamin D3 (as Cholecalciferol) | 200 IU | 50% | 50% |
| Vitamin E (as dl-tocopheryl acetate) | 10 IU | 100% | 33% |
| Riboflavin (Vitamin B2) | 1.6 mg | 200% | 94% |
| Vitamin B6 (Pyridoxine HCl) | 1.5 mg | 190% | 75% |
| Pantothenic Acid (as d-panthenol) | 5 mg | 100% | 50% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † | † |

*Percent Daily Values based on a 2,000 calorie diet. † Daily Value not established.

Other ingredients: Glucose syrup, sugar, gelatin, dextrose, orange flavor, soy lecithin, lemon flavor, mixed carotene (containing glycerol, coconut oil, citric acid, mixed acid, glazing agent (fractionated coconut oil under palm kernel oil, coconut oil and high oleic sunflower oil, and carnauba wax).

**Directions:** For children 3+ years of age, chew one gummy daily. Not intended for children under 3 years of age due to risk of choking. THIS PRODUCT IS INTENDED FOR USE UNDER ADULT SUPERVISION ONLY. KEEP OUT OF REACH OF CHILDREN.

Distributed by AmeriFit, Inc. Cromwell, CT 06416. Made in the United Kingdom.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

*life'sDHA* is from an all-natural, vegetarian source of DHA; one fish (though the benefits of DHA without the worry of ocean-borne pollutants and toxins potentially found in certain fish. From start to finish, *life'sDHA*™ is produced in an FDA-inspected facility with controls in place to ensure the highest quality product.

Tamper evident: Do not use if blister foil or seal is open or damaged. Store at room temperature. Do not expose to excessive heat, humidity or direct sunlight.

For questions, concerns, or to report an adverse event, please call (800) 722-3476. www.brainstronggum.com

*life'sDHA*™ is a trademark of Martek Biosciences Corporation

© Amerit, Inc. 2011

Copies of all the BrainStrong product labels are attached hereto as Exhibit A.

*The Impact of Defendant's Wrongful Conduct*

22.    Despite inadequate and inapposite testing, Defendant continues to unequivocally claim that its Products support brain health and function for children and adults alike.

23.    As the manufacturer and distributor of the BrainStrong products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects - and has learned of the effects - its Products have on consumers.

24.    Specifically, Defendant knew or should have known, but failed to disclose that its Products do not support brain health, that it has no competent and reliable scientific evidence that BrainStrong works as represented and that well conducted, clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

Exh. A
37

25.     Nonetheless, Defendant conveyed and continues to convey one uniform message through its advertising campaign: BrainStrong supports brain health in children and adults.

26.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive brain health representations.  Plaintiff purchased and consumed the Product during the relevant time period and in doing so, read and considered the Product labels and based her decision to buy the Product on the brain health representations.  Defendant's brain health representations and omissions were a material factor in influencing Plaintiff's decision to purchase and give her daughter the Product.  Plaintiff would not have purchased the Product had she known that Defendant's claims were false and misleading, that Defendant did not possess competent and reliable scientific evidence to support its brain health representations, and that clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

27.     As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendant's representations, supported brain health, when, in fact, they do not.

28.     Defendant, by contrast, reaped enormous profits from its false marketing and sale of these products.

## CLASS DEFINITION AND ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all similarly situated consumers pursuant to C.C.P. §382 and Cal. Civ. Code §1781.  The Class of persons whom plaintiff seeks to represent is defined as:

> All California consumers who purchased BrainStrong Toddler, BrainStrong Kids and/or BrainStrong Adults.

Exh. A
38
- 9 -

Excluded from the Class are Defendant and its officers, directors and employees and those who purchased BrainStrong for the purpose of resale.

30.     Plaintiff and the members of the Class are so numerous and geographically dispersed throughout the State of California that joinder of all members individually is impracticable. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

31.     The disposition of Plaintiff's and proposed Class members' claims in a class action will provide substantial benefits to both the parties and the Court.

32.     The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in a similar fashion based upon Defendant's uniform warranties and misrepresentations and material omissions about its BrainStrong products.

33.     The questions of law and fact common to the proposed Class predominate over questions that may affect particular proposed Class members. Common questions of fact and law include, but are not limited to, the following:

(a)     whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(b)     whether Defendant's alleged conduct violates public policy;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Defendant engaged in false or misleading advertising;

(e)     whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(f)     whether Plaintiff and Class members are entitled to restitution and disgorgement of damages; and

Exh. A
39
- 10 -

(g)     whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

34.     Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

35.     Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above, and were subject to Defendant's deceptive brain health representations, including the deceptive brain health representations that accompanied each and every box of BrainStrong.    Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

36.     Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity with all of the obligations and duties material thereto.    Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Class.

37.     The self interests of the Plaintiff are co-extensive with, and not antagonistic to, those of the absent Class members.    Plaintiff will undertake to represent and protect the interests of the absent Class members.

38.     Plaintiff has engaged the services of counsel indicated below.    Counsel are experienced in complex class action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise will represent the plaintiff and absent Class members.

39.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiff and Class members.

40.     Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.  Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

41.     Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

### COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

42.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43.     Plaintiff brings this claim individually and on behalf of the Class.

44.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct because she purchased the Product in reliance on Defendant's brain health representations, but did not receive a product that supports brain health.

45.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.   In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

46.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

47.     Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising,

Exh. A
47
- 12 -

misrepresented and omitted material facts regarding its BrainStrong products, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

48.   As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.   Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.   This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

49.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

50.   Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

51.   Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

52.   Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

53.   As a result of its deception, Defendant has been able to reap unjust revenue and profit.

54.   Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

55.   Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
### Violations of the Consumers Legal Remedies Act –
### Civil Code §1750 *et seq.*

56.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57.    Plaintiff brings this claim individually and on behalf of the Class.

58.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").  Plaintiff is a consumer as defined by California Civil Code §1761(d).   The BrainStrong products are "goods" within the meaning of the Act.

59.    Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the BrainStrong products:

(5)    Representing    that    [the    BrainStrong    products    have]...    approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*        \*        \*

(7)    Representing that [the BrainStrong products are] of a particular standard, quality or grade . . . if [they are] of another.

\*        \*        \*

(9)    Advertising goods . . . with intent not to sell them as advertised.

\*        \*        \*

(16)    Representing that [the BrainStrong products have] been supplied in accordance with a previous representation when [they have] not.

60.    Defendant violated the Act by representing and failing to disclose material facts on the BrainStrong labels and associated advertising, as described above, when it

Exh. A
43
- 14 -

knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

61.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

62.     Pursuant to §1782 of the Act, by letter dated March 16, 2012, Plaintiff notified Defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

63.     Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.   Therefore, Plaintiff further seeks actual, punitive and statutory damages.

64.     Defendant's conduct is fraudulent, wanton and malicious.

## COUNT III
### Breach of Express Warranty

65.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

66.     Plaintiff brings this claim individually and on behalf of the Class.

67.     Defendant expressly warranted on each and every box of BrainStrong that the Products "support brain development and function" in children and adults alike.  The brain health representations made by Defendant are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.   Plaintiff placed importance on Defendant's brain health representations.

68.     All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.


Exh. A
44
- 15 -

69.     Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that would support brain health as represented.

70.     As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

E.     Awarding statutory and punitive damages, as appropriate.

F.     Ordering Defendant to engage in a corrective advertising campaign;

G.     Awarding attorneys' fees and costs; and

H.     Providing such further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: April 16, 2012

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone: (619) 756-6978

Exh. A
45

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
psyverson@bffb.com
Telephone:  (602) 274-1100

LEVIN, FISHBEIN, SEDRAN & BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  (312) 427-3600

LEVIN, FISHBEIN, SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500

Attorneys for Plaintiff

Exh. A
46

- 17 -

# Exhibit A



Exh. A
48

## Give your child a "vitamin" for their brain every day!

The school-age years bring a whole new set of challenges for young children. Ensuring that they get the proper amount of rest and eat a healthy diet is key. Supplementing their diet with DHA, an Omega-3 fatty acid and essential brain nutrient, will help keep your child's brain functioning at its best.*

BrainStrong™ Kids great tasting gummies contain *life'sDHA™*, the same brand of DHA found in infant formula. Since most kids don't eat the foods that naturally contain DHA, a supplement containing DHA is especially important to help promote optimal brain function.*

## Supplement Facts

Serving Size: One (1) Gummy          Servings Per Container: 30

| | Amount Per Serving | % DV 3 years of age | % DV 4+ years of age |
|---|---|---|---|
| Calories | 5 | | |
| Carbohydrates | 1g | 0% | 0% |
| Sugars | 1g | | |
| Vitamin A (Palmitate) | 2500 IU | 100% | 50% |
| Vitamin C (as Ascorbic Acid) | 60 mg | 150% | 100% |
| Vitamin D3 (as Cholecalciferol) | 200 IU | 50% | 50% |
| Vitamin E (as dl-tocopheryl acetate) | 10 IU | 100% | 33% |
| Riboflavin (Vitamin B2) | 1.6 mg | 200% | 94% |
| Vitamin B6 (Pyridoxine HCl) | 1.5 mg | 190% | 75% |
| Pantothenic Acid (as d-panthenol) | 5 mg | 100% | 50% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † | † |

**Percent Daily Values based on a 2,000 calorie diet.   † Daily Value not established.

Other Ingredients: Glucose syrup, sugar, gelatin, dextrose, orange flavor, soy lecithin, lemon flavor, mixed carotenes (containing glycerol, coconut oil, citric acid, malic acid, glazing agent (fractionated coconut oil and/or palm kernel oil, coconut oil, and high oleic sunflower oil, and carnauba wax), sunflower oil, anthocyanins, water.

**Directions:** For children 3+ years of age, chew one gummy daily. Not intended for children under 3 years of age due to risk of choking. THIS PRODUCT IS INTENDED FOR USE UNDER ADULT SUPERVISION ONLY. KEEP OUT OF REACH OF CHILDREN.

Distributed by Amerifit, Inc. Cromwell, CT 06416. Made in the United Kingdom.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

BRM40105-2

© Amerifit, Inc. 2011

 *is from an all-natural, vegetarian source of DHA; not fish. You get the benefits of DHA without the worry of ocean-borne pollutants and toxins potentially found in certain fish. From start to finish, life'sDHA™ is produced in an FDA-inspected facility with controls in place to ensure the highest quality product.

Tamper evident: Do not use if blister foil or seal is open or damaged.
Store at room temperature. Do not expose to excessive heat, humidity or direct sunlight.

For questions, concerns, or to report an adverse event, please call (800) 722-3476, www.brainstrongdha.com

life'sDHA™ is a trademark of Martek Biosciences Corporation.

CR314/1

Exh. A
49

NATURAL DHA DAILY SUPPLEMENT

**bräinstrong™**

powered by life's DHA



NATURAL DHA DAILY SUPPLEMENT

**bräinstrong™**

NEW!   powered by life's DHA

**TODDLER**

Supports brain development and function

Contains the same brand of DHA found in infant formula

Flavorless, convenient to use

**30** 100mg DHA packets

---

**bräinstrong**

powered by life's DHA

## Supplement Facts

Serving Size: One (1) Packet
Servings Per Container: 30

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Calories | 10 | |
| Calories from fat | 5 | |
| Total fat | 0.5 g | 1%** |
| Sodium | 10 mg | 0% |
| Total carbohydrate | 1 g | 0% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † |
| Vitamin C | 90 mg | 150% |

**Percent Daily Values based on a 2,000 calorie diet.
† Daily Value not established.

Other Ingredients: Gelatin, sugar, corn starch, arachidonic acid oil, sodium ascorbate, soy lecithin. Contains fish and soy.

Directions: For children ages 1- 3 years - One (1) packet of BrainStrong Toddler per day.

As with any nutritional supplement, please inform your healthcare professional before use.
Distributed by Amerifit, Inc. 55 Sebethe Drive, Cromwell, CT 06416
© Amerifit, Inc. 2010

For best results, mix one packet of BrainStrong Toddler into the following foods:

| | |
|---|---|
| 4 oz. yogurt | 1/3 cup mac-n-cheese |
| 4 oz. pudding | 1/4 cup mashed potatoes |
| 1/2 cup oatmeal | 1 cup 2% milk |

For questions, concerns, or to report an adverse event, please call (800) 722-3476. www.brainstrongdha.com

Ex. A
50

# bräinstrong™

powered by life'sDHA

## Give your child a boost during this intense period of growth and development!

DHA is an Omega 3 fatty acid that is vital for brain and eye development not only during infancy but throughout your child's developmental years.* Since your child is no longer breast or bottle-feeding, they may not be receiving the amount of DHA that he or she needs.

BrainStrong™ Toddler contains *life'sDHA*, the same safe and natural DHA found in infant formula, to help meet your child's continuous need for DHA during this intense period of growth and development.* Since most kids don't eat the foods that naturally contain DHA, a DHA supplement is especially important during this time. Flavorless and convenient to use, just sprinkle BrainStrong Toddler on your little one's favorite foods daily and give them an added boost they need.

*life'sDHA™* is from an all-natural, vegetarian source of DHA; not fish. You get the benefits of DHA without the worry of ocean-borne pollutants and toxins potentially found in certain fish. From start to finish, *life'sDHA™* is produced in an FDA-inspected facility with controls in place to ensure the highest quality product.

*life'sDHA™* is a trademark of Martek Biosciences Corporation.

Keep out of reach of children.
Tamper evident: Powder sealed in packet. Do not use if packet is torn, open or damaged.
Store at room temperature. Do not expose to excessive heat, humidity or direct sunlight.

*These statements have not been evaluated by the Food and Drug Administration.
This product is not intended to diagnose, treat, cure or prevent any disease.

bräinstrong™

powered by life'sDHA™

4
018357-1
12/10



LOT 11166B2US5 EXP 10/12

0   92961 02004   3

Exh. A
51





# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

APR 2 0 2012

| | | |
|---|---|---|
| DATE: 04/16/12 | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE   JUDGE | B. DEL BARIO | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. PLAZOLA, C.A.   Deputy Sheriff | NOT REPORTED | Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC481048 | | |
| | AMY JOVEL | Plaintiff Counsel | NO APPEARANCES |
| | VS | | |
| | I-HEALTH INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

COURT RULING RE COMPLEX DETERMINATION

This case is hereby determined to be complex within
the meaning of Rule 3.400 of the California Rules of
Court.. The case is ordered reassigned to
Judge John Shepard Wiley, Jr. in Department 311
at the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the initial status
conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 311.
No responsive pleadings may be filed until further
order of the Court. Parties may file a Notice of
Appearance in lieu of an answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a general appearance, and shall not
waive any substantive or procedural challenge to the
complaint. Nothing herein stays the time for filing
affidavit of prejudice pursuant to Code of Civil
Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten
(10) calendar days from this date.

Plaintiff is ordered to forthwith serve a copy of
this minute order on all parties, and to file a proof

Page   1 of   3   DEPT. 323

| MINUTES ENTERED |
|---|
| 04/16/12 |
| COUNTY CLERK |

Ex. A
53

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/16/12 | DEPT. 323 |
| HONORABLE ELIHU M. BERLE          JUDGE | B. DEL BARIO          DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| L. PLAZOLA, C.A.          Deputy Sheriff | NOT REPORTED          Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC481048 | Plaintiff Counsel | |
| | AMY JOVEL | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | I-HEALTH INC | | |

**NATURE OF PROCEEDINGS:**

of service in the assigned department within seven (7) days of service.

Any party objecting to the complex designation must file an objection with proof of service in Department 323 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 323 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

          CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 04-16-2012 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: April 16, 2012

          Page   2 of   3    DEPT. 323

> MINUTES ENTERED
> 04/16/12
> COUNTY CLERK

Exh A
54

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/16/12

HONORABLE   ELIHU M. BERLE                  JUDGE

HONORABLE                                   JUDGE PRO TEM

L. PLAZOLA, C.A.        Deputy Sheriff

DEPT. 323

B. DEL BARIO            DEPUTY CLERK

                       ELECTRONIC RECORDING MONITOR

NOT REPORTED           Reporter

9:00 am   BC481048

AMY JOVEL
VS
I-HEALTH INC

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

John A. Clarke, Executive Officer/Clerk

By: B. DelBarrio, Deputy Clerk


BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
2901 Central Avenue, Suite 1000
Phoenix, AZ 85012

Page   3 of  3    DEPT. 323

MINUTES ENTERED
04/16/12
COUNTY CLERK

Exh. A
55

| | |
|---|---|
| 1 | HOGAN LOVELLS US LLP<br>Robert B. Hawk (Bar No. 118054) |
| 2 | Kristi K. Elder (Bar No. 231996)<br>Jenny Q. Shen (Bar No. 278883) |
| 3 | 525 University Avenue, 4th Floor<br>Palo Alto, California  94301 |
| 4 | Telephone:     (650) 463-4000<br>Facsimile:     (650) 463-4199 |
| 5 | robert.hawk@hoganlovells.com<br>kris.elder@hoganlovells.com |
| 6 | jenny.shen@hoganlovells.com |
| 7 | |
| 8 | Attorneys for Defendant<br>I-HEALTH, INC. |
| 9 | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | | |
|---|---|---|
| 12 | | |
| 13 | AMY JOVEL, On Behalf of Herself and<br>All Others Similarly Situated, | Case No.  BC481048 |
| 14 | Plaintiff, | STIPULATION AND [PROPOSED] ORDER<br>TO EXTEND THE TIME FOR DEFENDANT<br>TO RESPOND TO THE COMPLAINT |
| 15 | v. | |
| 16 | I-HEALTH, INC., a Delaware Corporation, | |
| 17 | Defendant. | |

WHEREAS, on March 16, 2012, Plaintiff Amy Jovel filed a Complaint and Summons in this action;

WHEREAS, Defendant I-Health, Inc. was served with the Complaint and Summons on March 20, 2012;

WHEREAS, since it received the Complaint, Defendant's counsel has worked diligently to determine the facts, analyze Plaintiff's allegations and develop Defendant's defenses and response to the Complaint, and Defendant's counsel needs additional time to complete this process;

WHEREAS, for the foregoing reasons, Defendant requests a thirty day extension of time

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

Exh. A
56

1    from its response date of April 19, 2012, through and including May 21, 2012, in which to

2    evaluate the matter and file its response to the Complaint;

3

4         WHEREAS, this request for an extension of time is made in good faith and not for the

5    purpose of delay, and will not prejudice any party;

6

7         WHEREAS, Plaintiff and her counsel are agreeable to this thirty day extension;

8         IT IS HEREBY STIPULATED, by and between the parties, through their respective

9    counsel, that the time for Defendant to respond to Plaintiff's Complaint is continued for thirty

10   days, from April 19, 2012 to May 21, 2012.

11

12        IT IS SO STIPULATED.

13   Dated: April 16, 2012                          HOGAN LOVELLS US LLP

14

15        By: _Robert Hawk_ / _signed with permission by_ _Roopak Nourse_

16            Robert B. Hawk

17        Attorneys for Defendant
          I-HEALTH, INC.

18

19   Dated: April 16, 2012                          BONNETT, FAIRBOURN, FRIEDMAN &

20                                                   BALINT, P.C.

21

22        By: _Todd D. Carpenter_

23            Todd D. Carpenter

24        Attorneys for Plaintiff
          AMY JOVEL

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

- 2 -

STIPULATION AND [PROPOSED] ORDER

Exh. A
57

**ORDER**

The time for Defendant to respond to Plaintiff's Complaint is continued for thirty days, from April 19, 2012 to May 21, 2012.

IT IS SO ORDERED.

Dated: _____

_____
Judge
Superior Court of the State of California
County of Los Angeles

HOGAN LOVELLS US
.LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

Exh. A
58

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067. On April 16, 2012, I served a copy of the within document(s):

STIPULATION AND [PROPOSED] ORDER TO EXTEND THE
TIME FOR DEFENDANT TO RESPOND TO THE COMPLAINT

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

SEE SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 16, 2012, at Los Angeles, California.

_____

Mae F. Chester

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

Exh. A
PROOF OF SERVICE
59

1

SERVICE LIST

2

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
3    Patricia N. Syverson
2901 N. Central Avenue, Suite 1000
4    Phoenix, AZ 85012
Phone: (602) 274-1100
5    psyverson@bffb.com

6

*Attorneys for Plaintiff*
7    Amy Jovel

8    LEVIN, FISHBEIN, SEDRAN &
BERMAN
9    Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
10   Chicago, IL 60603
Phone: (312) 427-3600
11   sweltman@futtermanhoward.com

12

*Attorneys for Plaintiff*
13   Amy Jovel

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 756-6978
tcarpenter@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, PA 19106
Phone: (215) 592-1500
hsedran@lfsblaw.com

*Attorneys for Plaintiff*
Amy Jovel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex. A
60

- 2 -

PROOF OF SERVICE

1     HOGAN LOVELLS US LLP
      Robert B. Hawk (Bar No. 118054)
2     Kristi K. Elder (Bar No. 231996)
      Jenny Q. Shen (Bar No. 278883)
3     525 University Avenue, 4th Floor
      Palo Alto, California  94301
4     Telephone:     (650) 463-4000
      Facsimile:      (650) 463-4199
5     robert.hawk@hoganlovells.com
      kris.elder@hoganlovells.com
6     jenny.shen@hoganlovells.com

7

8     Attorneys for Defendant
      I-HEALTH, INC.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

12

13     AMY JOVEL, On Behalf of Herself and | Case No.  BC481048
      All Others Similarly Situated,

14              Plaintiff, | **NOTICE OF CONSENT TO
                               ELECTRONIC SERVICE**

15         v.

16     I-HEALTH, INC., a Delaware Corporation,

17              Defendant.

18

19         PLEASE TAKE NOTICE that i-Health, Inc. has agreed to accept electronic service at the

20     following electronic service addresses: robert.hawk@hoganlovells.com,

21     kris.elder@hoganlovells.com, and jenny.shen@hoganlovells.com.

22     Dated: April 18, 2012

23                         HOGAN LOVELLS US LLP

24

25                         By: _____
                             Robert B. Hawk

26                         Attorneys for Defendant
                        I-HEALTH, INC.

27

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO RESPOND TO COMPLAINT

Exh. A
61

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Santa Clara County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Hogan Lovells US LLP, 525 University Ave., 4th Floor, Palo Alto, California 94301.  On April 20, 2012, I served a copy of the within document(s):

NOTICE OF CONSENT TO ELECTRONIC SERVICE

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

SEE SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 20, 2012, at Palo Alto, California.

_Evelyn Perry_

Evelyn Perry

1

SERVICE LIST

2

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Phone: (602) 274-1100
psyverson@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 756-6978
tcarpenter@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

3

4

5

6

7

8

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
Phone: (312) 427-3600
sweltman@futtermanhoward.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, PA 19106
Phone: (215) 592-1500
hsedran@lfsblaw.com

*Attorneys for Plaintiff*
Amy Jovel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. A
63

- 2 -

PROOF OF SERVICE

\\703348/000630 - 1019624 v1

NOTICE SENT TO:

Carpenter, Todd D.
Bonnett, FairBourn, Friedman & Balint,
600 West Broadway, Suite 900
San Diego          CA   92101

FILED
LOS ANGELES SUPERIOR COURT

APR 2 5 2012

JOHN A. CLARKE, CLERK
BY _____, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| AMY JOVEL | | **CASE NUMBER** |
|---|---|---|
| | Plaintiff(s), | BC481048 |
| VS. | | |
| I-HEALTH INC | Defendant(s). | **NOTICE OF STATUS CONFERENCE AND ORDER** |

To plaintiff/petitioner and self-represented parties:  Notice is hereby given that the Status Conference in the above-entitled action will be held on **May 18, 2012** at  **8:30 am**  in Department **311**  of the Central District, located at 600 South Commonwealth Avenue, Los Angeles, California 90005. Re:  **Status Conference**

--

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

[ ] Plaintiff/Petitioner and self-represented parties must appear at the Status Conference unless within five days before the status conference, the following has occurred:

    [ ] Arbitration Award has been filed.          [ ] A Request for Trial De Novo has been filed.
    [x] Judgment has been entered.             [ ] Statement of Agreement has been filed.
    [x] A Request for Dismissal of the entire action has been filed.
    [ ] Other:_

### ORDER

[x]   **Plaintiff/Petitioner is ordered to give notice of said hearing forthwith to any party served with summons and complaint before the status conference hearing and file a Proof of Service in this department within five days before the hearing.**

    **Failure to comply or appear may result in an Order to Show Cause re: the imposition of sanctions.**

Dated:  **April 25, 2012**

JOHN SHEPARD WILEY JR.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Dated: **April 25, 2012**

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____, Deputy Clerk

**NOTICE OF STATUS CONFERENCE AND ORDER**

LACIV 167 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.2 et seq.

Exh. A
64

COPY

1    HOGAN LOVELLS US LLP
     Robert B. Hawk (Bar No. 118054)
2    Kristi K. Elder (Bar No. 231996)
     Jenny Q. Shen (Bar No. 278883)
3    525 University Avenue, 4th Floor
     Palo Alto, California 94301
4    Telephone:    (650) 463-4000
     Facsimile:    (650) 463-4199
5    robert.hawk@hoganlovells.com
     kris.elder@hoganlovells.com
6    jenny.shen@hoganlovells.com

7    Attorneys for Defendant
8    I-HEALTH, INC.

| ORIGINAL FILED |
| --- |
| MAY 1 8 2012 |
| LOS ANGELES SUPERIOR COURT |

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

12

13   AMY JOVEL, On Behalf of Herself and       Case No.  BC481048
     All Others Similarly Situated,
14                                             **DEFENDANT I-HEALTH'S STATUS**
                        Plaintiff,             **CONFERENCE REPORT**
15
            v.                                 Date: May 25, 2012
16                                             Time: 8:30 a.m.
     I-HEALTH, INC., a Delaware Corporation,   Dept.: 311
17                                             Judge: Hon. John Shepard Wiley
                        Defendant.             Trial Date: None Set
18                                             Action Filed: March 16, 2012

19

20         Defendant, i-Health, Inc. ("i-Health) hereby respectfully submits this status conference

21   report in advance of the status conference scheduled for May 25, 2012.

22   I.     **Background**

23         i-Health manufactures certain dietary supplements under the BrainStrong brand, which

24   contain docosahexaenoic acid ("DHA") derived from algal oil.  Plaintiff filed this putative class

25   action on March 16, 2012 against i-Health, alleging that certain product claims on BrainStrong

26   labels lack scientific substantiation and, therefore, are false and misleading. Based on this

27   purported lack of substantiation, plaintiff asserts claims—on behalf of a class of California

28   consumers who purchased certain BrainStrong products since April 2011—under: (1) the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

Exh. A
65

1   California Unfair Competition Law; (2) the California Consumers Legal Remedies Act; and (3)

2   express warranty law.

3         This lawsuit was filed virtually simultaneously with a putative class lawsuit now pending

4   in the United States District Court for the Eastern District of New York, *Yee v. I-Health, Inc.*,

5   Case No. CV 12-1504, involving nearly identical factual allegations about i-Health and its

6   BrainStrong products.  The plaintiff in the *Yee* lawsuit purports to assert claims on behalf of a

7   *nationwide class* of *consumers* who purchased certain BrainStrong products from April 2011 to

8   present.

9         In accordance with the local rules in the Eastern District of New York, iHealth's initial

10  response to the *Yee* complaint is a letter to the Court, requesting a conference to set a briefing

11  schedule for a motion to dismiss on the grounds outlined in the pre-motion letter.  i-Health's letter

12  was submitted to the Court and served on May 18, 2012.  *See* attached Exhibit A.  i-Health has

13  argued—and will brief to the Eastern District of New York Court—that the *Yee* complaint should

14  be dismissed because, among other reasons, (1) it is preempted by federal law, (2) the complex,

15  scientific issues in the case are better left to the authority and expertise of the Food and Drug

16  Administration under the primary jurisdiction doctrine, (3) lack of substantiation claims are not

17  cognizable, and (4) the factual allegation in the complaint fails to state a claim under applicable

18  pleading rules.

19  **II.     Status of This Case**

20        To date, there has been almost no activity in the instant case.  Plaintiff effected service of

21  the complaint on March 20, 2012.  By Stipulation filed on April 17, 2012 and Order entered on

22  April 24, 2012, i-Health's response to the complaint was due on May 21, 2012.  In the interim,

23  however, this matter was designated complex pursuant to Rule 3.400 of the California Rules of

24  Court, and the action was stayed until the initial status conference set for May 25, 2012.  The

25  order designating this matter as complex made clear that no response to the Complaint was to be

26  filed until further order of this Court.

27        Given the early stage of the litigation, the parties have not yet discussed settlement or

28  other early resolution of the matter.

Exh. A

- 2 -

DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

### III.    Anticipated Motions

In light of the *Yee* matter pending in the Eastern District of New York—which involves claims asserted by a nationwide putative class, based on the same allegations as those made in this case—i-Health intends to ask this Court to stay this action until such time as the *Yee* action is resolved or otherwise concluded.  In these circumstances, a stay of the state court action is appropriate.  *See, e.g., Berg v. MTC Electronics Technologies*, 61 Cal. App. 4th 349 (1998) (affirming LA Superior Court's staying a case in favor of several similar suits pending in the Eastern District of New York); *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800 (1993) (stating that a California court has the discretion to stay a state court action when a federal action has been filed covering the same subject matter as the state court action).

Counsel for i-Health has discussed with plaintiff's counsel the possibility of consolidating this action with *Yee* or having plaintiff's counsel otherwise join with the *Yee* plaintiff.  To date, however, defendant's counsel has not received a definitive response from plaintiff's counsel regarding possible consolidation of the actions.

i-Health respectfully requests that it be permitted to file, and that the Court decide, a motion to stay this case—before i-Health is required to otherwise respond to the Complaint.  If this case is not stayed pending resolution of the *Yee action*, i-Health would then expect to file a demurrer raising largely the same substantive arguments covered in the motion to dismiss in *Yee*.

Dated: May 18, 2012

HOGAN LOVELLS US LLP

By: _____
Robert B. Hawk

Attorneys for Defendant
I-HEALTH, INC.

Exh. A
67

- 3 -

DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

1
## **PROOF OF SERVICE**

2      I am a citizen of the United States and employed in San Francisco County, California. I

3 am over the age of eighteen years and not a party to the within-entitled action. My business

4 address is Hogan Lovells US LLP, 4 Embarcadero Center, 22nd Floor, San Francisco, California

5 94111. On May 18, 2012, I served a copy of the within document(s):

6

7            DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

8    ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
          forth below on this date before 5:00 p.m.

9    ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, the United States mail at San Francisco, California addressed as set
10        forth below.

11   ☐   by placing the document(s) listed above in a sealed FEDERAL EXPRESS
          envelope and affixing a pre-paid air bill, and causing the envelope to be delivered
          to a FEDERAL EXPRESS agent for delivery.
12
     ☐   by personally delivering the document(s) listed above to the person(s) at the
13        address(es) set forth below.

14   ☒   by transmitting via e-mail or electronic transmission the document(s) listed above
          to the person(s) at the e-mail address(es) set forth below.

15
                            SEE SERVICE LIST
16

17      I am readily familiar with the firm's practice of collection and processing correspondence

18 for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

19 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

20 motion of the party served, service is presumed invalid if postal cancellation date or postage

21 meter date is more than one day after date of deposit for mailing in affidavit.

22      I declare under penalty of perjury under the laws of the State of California that the above

23 is true and correct.

24      Executed on May 18, 2012, at San Francisco, California.

25

26 _____

27                                    Gregory Johnson

28
                            Exh. A
                             68

PROOF OF SERVICE

\\703348/000630 - 1019624 v1

SERVICE LIST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Phone: (602) 274-1100
psyverson@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
Phone: (312) 427-3600
sweltman@futtermanhoward.com

*Attorneys for Plaintiff*
Amy Jovel

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 756-6978
tcarpenter@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, PA 19106
Phone: (215) 592-1500
hsedran@lfsblaw.com

*Attorneys for Plaintiff*
Amy Jovel

Exh. A
69
- 2 -

PROOF OF SERVICE

# EXHIBIT

# A



May 18, 2012

HOGAN LOVELLS US LLP
875 3rd Avenue
New York, NY 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100

**Via ECF and Hand Delivery**

Honorable Frederic Block
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:      Yee v. I-Health, Inc., Case No. CV 12-1504**

Dear Judge Block:

We write on behalf of defendant i-Health, Inc. ("i-Health") to request a pre-motion conference to permit i-Health to file a motion to dismiss the referenced complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6).

i-Health manufactures certain dietary supplements under the BrainStrong brand, which contain docosahexaenoic acid ("DHA") derived from algal oil. Plaintiff alleges that certain product claims on BrainStrong labels lack scientific substantiation and, therefore, are false and misleading. Based on this purported lack of substantiation, plaintiff asserts claims—on behalf of a putative nationwide and New York sub-class of consumers who purchased certain BrainStrong products since April 2011— under: (1) the Magnuson-Moss Act; (2) unjust enrichment principles; (3) express warranty law; (4-5) intentional misrepresentation and fraudulent concealment/nondisclosure principles; and (6-7) New York General Business Law Sections 349-350.

**I.      Plaintiff's Claims Are Preempted By Federal Law.**

i-Health requests that the Court dismiss plaintiff's claims, because they impermissibly would impose requirements on i-Health different from those imposed by the comprehensive federal regulatory scheme governing dietary supplements administered by the Food and Drug Administration ("FDA"). FDA is authorized under the federal Food, Drug and Cosmetics Act ("FDCA"), as amended by the Nutrition Labeling and Education Act of 1990 ("NLEA") and the Dietary Supplement and Health Education Act of 1994 ("DSHEA"), 21 U.S.C. § 343(r) *et seq.*, to regulate the manufacture, advertising and labeling of dietary supplements. Congress intended for this federal framework to "supersede the [then] current and ad hoc, patchwork regulatory policy on dietary supplements."[1]

Federal law preemption doctrine requires dismissal of plaintiff's claims on preemption grounds, because the FDCA *expressly preempts* state requirements for dietary supplement labeling that are

---

[1] Pub. L. 103–417 § 2(15)(B), 108 Stat. 4325, 4326 (Oct. 25, 1994).

Exh. A
71

not identical to federal requirements.[2] 21 U.S.C. § 343-1.[3] Here, federal law specifically provides for and regulates claims about the benefits of dietary supplements. In particular, the FDCA permits, under specified conditions, "structure-function" claims, like those at issue, which "describe the role of a nutrient or dietary ingredient intended to affect the structure or function in humans," or "describe[] general well-being from consumption of a nutrient or dietary supplements," if the manufacturer can substantiate the claim is truthful and not misleading. 21 U.S.C. § 343(r)(6). Moreover, the FDCA provides for review of supplement claims and gives FDA enforcement authority where a product bears false or misleading labeling. The regulatory process requires a supplement manufacturer making a structure-function claim to notify FDA within 30 days of marketing the product, 21 U.S.C. § 343(r)(6), and FDA may then object if it finds the claim inappropriate. i-Health submitted such notice for its BrainStrong products in March 2011, and FDA has issued no notice disputing the appropriateness of i-Health's product claims. Private litigation, which would in effect create additional burdens in assessing or proving substantiation for dietary supplement labeling claims, imposes requirements "not identical" to federal requirements and is thus preempted.

**II.        Dismissal Is Warranted Under the Primary Jurisdiction Doctrine.**

Should this Court conclude for any reason that plaintiff's claims are not preempted, dismissal would still be proper because FDA has primary jurisdiction of the issues raised. Under the primary jurisdiction doctrine, courts routinely dismiss claims involving issues that are appropriately left to an "administrative agency with more specialized experience, expertise, and insight." *Bernhardt v. Pfizer, Inc.*, Nos. 00 Civ. 4042, 4379, 2000 WL 1738645 at *2-3 (S.D.N.Y. Nov. 22, 2000) (deferring to FDA based on primary jurisdiction); *United States v. Western Pac. R.R. Co.* 352 U.S. 59, 64 (1956).

The factors courts consider in deciding primary jurisdiction weigh heavily in favor of applying the doctrine here. *See Bernhardt,* 2000 WL 1738645, at *2 (listing factors). *First,* the question plaintiff would put at issue—whether scientific studies adequately substantiate claims BrainStrong label claims concerning the benefits of algal DHA—is not within the conventional experience of the judiciary, but rather involves "technical and intricate questions of fact and policy that Congress has assigned to a specific agency." *Id.* FDA is better equipped to analyze, and has superior experience in weighing, scientific studies.[4] *Second,* substantiation issues are particularly within both FDA's expertise and authority to regulate dietary supplement labeling; it would be inappropriate for the

---

[2] "In general, three types of preemption exist: (1) express preemption, where Congress has expressly preempted local law; (2) field preemption, 'where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law'; and (3) conflict preemption, where local law conflicts with federal law . . . ." *New York SMSA Ltd. Partnership v. Town of Clarkstown,* 612 F.3d 97, 104 (2d Cir. 2010). Preemption standards apply equally to state law claims asserted in court as they do to state statutes or regulations. *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 247 (1959).

[3] Specifically, the FDCA explicitly preempts states from "directly or indirectly establish[ing] under any authority . . . any requirement respecting any claim of the type described in section 403(r)(1) [of the FDCA] made in the label or labeling of food that is not identical to the requirement of section 403(r)." 21 U.S.C. § 343-1. This preemptive language applies to dietary supplement structure-function labeling claims, like those here, via Section 403(r)(1) and by incorporation Section 403(r)(6) of the FDCA. 21 U.S.C. §§ 343(r)(1)(b) and 343(r)(6).

[4] *See, e.g., Premo Pharm. Labs., Inc. v. United States,* 629 F.2d 795, 803 (2d Cir. 1980) ("[T]he FDA...as distinguished from a court, possesses superior expertise, usually of a complex scientific nature"); *Aaronson v. Vital Pharmaceuticals, Inc.,* No. 09-CV-1333, 2010 U.S. Dist. LEXIS 14160 at *8-9, No. 09-CV-1333 (S.D. Cal. Feb. 17, 2010) (the FDA's "ability to discern scientific data and ensure uniform regulation in the field of dietary supplements weigh in favor of dismissing on ... the grounds of the FDA's primary jurisdiction").

Honorable Frederic Block                 - 3 -

Court to usurp FDA's role.[5]  *Third*, resolution by *different courts* of the technical issues raised here presents a danger of inconsistent rulings (which is of particular concern, as another putative class action alleging virtually identical claims is pending in California state court, *Jovel v. I-Health, Inc.*, Case No. BC481048).  *Fourth*, resolution of this matter via a private suit, is not appropriate given that plaintiff may raise these issues directly with FDA in a citizen petition.  *See* 21 C.F.R. §10.30.

### III.     Plaintiff's Lack Of Substantiation Claims Are Not Cognizable.

Each of plaintiff's claims is premised upon the sole allegation that i-Health's label claims are not substantiated by scientific studies.  As an initial matter, i-Health wants the Court to understand that it emphatically denies plaintiff's substantive allegations:  i-Health's label claims are well supported by scientific studies.  In all events, however, Courts have held that such lack of substantiation claims cannot stand.[6]  Regulators, not private consumers, are the proper parties to demand substantiation of labeling claims; alleged lack of substantiation, without more, does not support an inference that a label claim is false or misleading.  *See, e.g., Franulovic v. Coca-Cola Co.*, 390 Fed. Appx. 125 (3d Cir. 2010).

### IV.     Plaintiff Fails To State A Claim Under Rules 8(a) and 9(b).

Plaintiff's bare, conclusory allegations do not meet pleading requirements.  The complaint contains no factual allegations whatsoever regarding (1) how or why i-Health's product claims are unsubstantiated, (2) when or where plaintiff purchased the product, or (3) whether he relied on, or was even aware, of the product claims at issue.[7]  The complaint fails to satisfy Rule 8(a) or the heightened pleading requirements of Rule 9(b) that are applicable where plaintiffs' claims sound in fraud.  *See, e.g., Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269 (E.D.N.Y. 2010).

### V.      Plaintiff's Claims Are Deficient for Other Reasons.

Plaintiff's claims fail for various other reasons.  Plaintiffs do not state a claim under the Magnuson-Moss Act, as plaintiffs allege no "written warranty" as defined by the Act.  *In re Sears*, Nos. MDL-1703; 05 C 4742; 05 C 2623, 2006 WL 1443737 (N.D. Ill. May 17, 2006).  Plaintiff's claims under New York General Business Law Sections 349 and 350 lack merit, because the sole injury alleged is the purchase of the product itself.[8]  And, Plaintiff's unjust enrichment claim fails under the laws of various states because it is not a viable cause of action and/or other remedies at law are available.

---

[5] *See, e.g., Gordon v. Church & Dwight Co.*, No. C09-5585, 2010 U.S. Dist. LEXIS 32777 (N.D. Cal. Apr. 2, 2010) ("[I]t would be inappropriate for this court to assume the FDA's regulatory role, and interpret scientific studies or other evidence to determine whether the labeling of [the product] should be changed"); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459, 1997 WL 94237 (D. Kan. Feb. 26, 1997) (labeling claims are more appropriately addressed by the FDA).

[6] *See, e.g., Chavez v. Nestle USA , Inc.*, CV-09-9192, 2011 WL 2150128, *5-6 (C.D. Cal. May 19, 2011) (dismissing claims under based upon alleged lack of substantiation); *see also, Stanley v. Bayer Healthcare LLC*, 11CV862, 2012 WL 1132920 (S.D. Cal. Apr. 3, 2012); *Fraker v. Bayer Corp.*, CVF08-1564, 2009 WL 5865687, *8-9 (E.D. Cal. Oct. 6, 2009).

[7] The breach of express warranty claim fails for this reason. *See CBS Inc. v. Ziff-Davis Publishing Co.*, 75 N.Y.2d 496, 503-04 (1990).

[8] *See, e.g., Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153, 154 (1st Dept. 2004) (dismissal for lack of injury where plaintiffs alleged deceptive labels caused them to spend money but receive no health benefits in return).

Exh. A
73

Honorable Frederic Block                    - 4 -

Should Your Honor have any questions, we would be pleased to respond.

Respectfully submitted,

Frank T. Spano
Direct: 212-918-3522
Frank.spano@hoganlovells.com

Copy via E-Mail to:
Nadeem Faruqi, Esq.

Exh. A
74

1 | BONNETT, FAIRBOURN, FRIEDMAN
  |    & BALINT, P.C.
2 | PATRICIA N. SYVERSON (203111)
  | 2901 N. Central Ave., Suite 1000
3 | Phoenix, AZ 85012
  | psyverson@bffb.com
4 | Telephone:    (602) 274-1100

5 | BONNETT, FAIRBOURN, FRIEDMAN
  |    & BALINT, P.C.
6 | TODD D. CARPENTER (234464)
  | 600 W. Broadway, Suite 900
7 | San Diego, California 92101
  | tcarpenter@bffb.com
8 | Telephone: (619) 756-6978

9 | LEVIN, FISHBEIN, SEDRAN & BERMAN
  | STEWART WELTMAN, OF COUNSEL
10 | 122 S. Michigan Avenue, Suite 1850
  | Chicago, Illinois 60603
11 | sweltman@futtermanhoward.com
  | Telephone: (312) 427-3600
12 |

13 | LEVIN, FISHBEIN, SEDRAN & BERMAN
  | HOWARD J. SEDRAN
14 | 510 Walnut Street
  | Philadelphia, Pennsylvania 19106
  | Telephone: 215-592-1500
15 | Attorneys for Plaintiff

16 |

17 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
  | COUNTY OF LOS ANGELES

18 | AMY JOVEL, On Behalf of Herself and       | Case No.: BC481048
  | All Others Similarly Situated,
19 |
  |                    Plaintiff,            | **PLAINTIFF'S STATUS CONFERENCE**
20 |                                         | **REPORT**
21 |          v.                             | Date: May 25, 2012
  |                                          | Time: 8:30 a.m.
22 |                                         | Dept.: 311
  | I-HEALTH, INC., a Delaware               | Judge: Hon. John Shepard Wiley
23 | Corporation                             | Trial Date: None set
  |                                          | Action Filed: March 16, 2012
24 |                    Defendant.
25 |
26 |
27 |
28 |

Exh: A
75

- 1 -

Plaintiff Amy Jovel, by and through her attorneys, respectfully submits this status conference report in advance of the status conference scheduled for May 25, 2012.

## I.     BACKGROUND

This consumer class action arises out of Defendant I-Health's advertising and sale of BrainStrong, a line of four dietary supplements fortified with highly processed fermented algae.[1]   Plaintiff alleges claims for violations of the Consumers Legal Remedies Act ("CLRA"), Civil Code §1750, *et seq.*, the Unfair Competition Law ("UCL"), Bus. & Prof. Code §17200, *et seq.*, and breach of express warranty. Plaintiff's claims concern Defendant's advertising and labeling, including representations that accompanied each and every box of BrainStrong that the products support brain development and function in children and adults.   Those claims are false, misleading and reasonably likely to deceive the average consumer because the scientific evidence is that Defendant's products do not work as represented.   Defendant's brain health claims and related representations were uniformly made throughout the Class Period and are false, misleading and reasonably likely to deceive the public.   As a result, Plaintiff and the California class of consumers she seeks to represent have been damaged.

## II.    PROCEDURAL POSTURE

Plaintiff filed her putative class action complaint on March 16, 2012.  On April 16, 2012, the parties entered into a stipulation extending the time for Defendant to respond to the complaint to May 21, 2012.  That same day Plaintiff filed a first amended complaint, amending her CLRA claim in accordance with Civil Code §1782 to add a claim for damages.

---

[1] These products include: (1) BrainStrong Prenatal; (2) BrainStrong Toddler; (3) BrainStrong Kids; and (4) BrainStrong Adults.   This lawsuit concerns only three of the products -- BrainStrong Toddler, BrainStrong Kids and BrainStrong Adults (collectively "BrainStrong" or "the Products").

1   Before Defendant could answer the complaint, the case was designated "complex"

2   pursuant to California Rules of Court Rule 3.400.  Accordingly, the case was stayed until

3   the initial status conference set for May 25, 2012.

4   There has not been any preliminary settlement or other early resolution discussions.

5   Plaintiff is willing to conduct meaningful settlement discussions with Defendant.

6   **III.     RELATED CASES**

7   On March 27, 2012, Plaintiff Yee filed a class action against I-Health in the United

8   States District Court for the Eastern District of New York, *Yee v. I-Health, Inc.*, Case No.

9   CV 12-1504.  *See* attached Exhibit A. The *Yee* complaint alleges violations of the

10  Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*, unjust enrichment, breach of express

11  warranty, intentional misrepresentation, fraudulent concealment, violation of the New

12  York General Business Law §349, *et seq.*, and violation of the New York General

13  Business Law §350, *et seq.*

14  The *Yee* complaint is not substantially similar to the present action.  While the

15  complaints allege similar facts – most of which were copied from Plaintiff's complaint –

16  the causes of action and classes substantially differ.   Importantly, the *Yee* complaint does

17  not seek to represent California consumers for violations of California's UCL or CLRA

18  laws. Instead, the consumer fraud counts in *Yee* are limited to a New York-only subclass

19  for violations of New York law.  In fact, The *Yee* complaint overlaps with the current

20  action on **_one_** count – breach of express warranty.  Thus, contrary to Defendant's

21  contentions (Def. Status Report p. 3), the *Yee* complaint does not cover the same subject

22  matter as this case.

23  Moreover, a stay is not appropriate here because Plaintiff's complaint is first-filed.

24  Additionally, Defendant intends to seek dismissal of the *Yee* complaint, which presents

25  different legal issues from the present case.  For example, Plaintiff alleges a California-

26  only breach of express warranty claim, while *Yee* seeks a nationwide class.  Court's

27  routinely deny certification of nationwide express warranty claims. *See, e.g., Rikos v.*

28

Exh. A
77
- 3 -

1  *Procter & Gamble Co.*, 2012 WL 641946 (S.D. Feb. 28, 2012 Ohio) (striking nationwide

2  express warranty claim because there are numerous variations in the substantive breach

3  of warranty laws); *see also Cole v. Gen. Motors Corp.*, 484 F.3d 717 (724-30) (5th Cir.

4  2007) (discussing at length why warranty claims are inappropriate for class treatment).

5  　　　Finally, in contrast to the *Yee* action, which is limited to only seeking a New York

6  based consumer fraud class, Plaintiff intends to amend her complaint to allege multi-state

7  consumer fraud claims that would include New York and other laws similar to California.

8  *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012); *Bohn v.*

9  *Pharmavite, LLC*, 2:11-cv-10430 (C.D. Cal May 5, 2012) (Order at 3) ("Plaintiff could

10  seek to certify subclasses of putative class members from individual states or subclasses

11  of class members from groups of states with consumer protection laws that are not

12  materially different."); *Diamond Multimedia Sys. v. Super. Ct.*, 19 Cal. 4th 1036, 1063-64

13  (1999) (California "has a clear and substantial interest in preventing fraudulent practices

14  in this state which may have an effect in both California and throughout the country.").

15  **IV.  ANTICIPATED MOTIONS**

16  　　　Plaintiff intends to file a motion for class certification.  Plaintiff respectfully

17  requests that the Court set an expedited briefing schedule for Plaintiff's second amended

18  complaint, Defendant's intended motion to dismiss and Plaintiff's motion for class

19  certification.

20  Dated: May 21, 2012

21  　　　　　　　　　　　　BONNETT, FAIRBOURN, FRIEDMAN
22  　　　　　　　　　　　　　　& BALINT, P.C.

23

24  　　　　　　　　　　　　*Todd D. Carpenter*

25  　　　　　　　　　　　　Todd D. Carpenter (234464)
26  　　　　　　　　　　　　600 W. Broadway, Suite 900
      　　　　　　　　　　　　San Diego, California 92101
      　　　　　　　　　　　　tcarpenter@bffb.com
27  　　　　　　　　　　　　Telephone:  (619) 756-6978

28  　　　　　　　　　　　　Exh. A
      　　　　　　　　　　　　78
      　　　　　　　　　　　　-4-

1

2    BONNETT, FAIRBOURN, FRIEDMAN
     & BALINT, P.C.
3    Patricia N. Syverson (203111)
     2901 N. Central Ave., Suite 1000
     Phoenix, AZ 85012
4    psyverson@bffb.com
     Telephone: (602) 274-1100
5
     LEVIN, FISHBEIN, SEDRAN & BERMAN
6    Stewart Weltman, of Counsel
     122 S. Michigan Avenue, Suite 1850
7    Chicago, Illinois 60603
     sweltman@futtermanhoward.com
8    Telephone: (312) 427-3600

9    LEVIN, FISHBEIN, SEDRAN & BERMAN
     Howard J. Sedran
10   510 Walnut Street
     Philadelphia, Pennsylvania 19106
11   Telephone: 215-592-1500
     Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Maricopa, and my business address is 2901 N. Central Avenue, Suite 1000, Phoenix, Arizona 85012.

On May 21, 2012, I caused to be served the following documents:

### PLAINTIFF'S STATUS CONFERENCE REPORT

☐   **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (t)): From fax number (213) 406-1101 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

☒   **VIA ELECTRONIC FILING:** Complying with Code of Civil Procedure section 1010.6 and pursuant to agreement by the parties, I caused such document(s) to be electronically served by e-mail to the parties listed on the Service List.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

☐   **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☐   BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))

☐   BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))

☐   BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2012, at Phoenix, Arizona.

Nancy A. Serden, Legal Assistant

Exh. A
80

- 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>SERVICE LIST</u>

Jovel v. I-Health, Inc.
Case No. BC481048

HOGAN LOVELLS US LLP
Robert B. Hawk (Bar No. 118054)
Kristi K. Elder (Bar No. 231996)
Jenny Q. Shen (Bar No. 278883)
525 University Avenue, 4th Floor
Palo Alto, CA  94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
robert.hawk@hoganlovells.com
kris.elder@hoganlovells.com
jenny.shen@hoganlovells.com

Attorneys for Defendant
I-HEALTH, INC.

Exh. A
81

# EXHIBIT A

Exh. A
82

SU~~~~~~~~~ED

FILED
CLERK

2012 MAR 27  PM 4:

U.S. DISTRICT CO
EASTERN DISTR
OF NEW YOR

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

MICHAEL YEE, individually, and on behalf of
other members of the general public similarly
situated,

                              Plaintiff,

                 v.

I-HEALTH, INC., a Delaware Corporation,

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

## CLASS ACTION COMPLAINT

# CV 12 - 1504

### JURY TRIAL DEMANDED

BLOCK, J.

J. ORENSTEIN, M.

    Plaintiff Michael Yee ("Plaintiff"), by his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF ACTION

    1.    This is a class action against I-Health, Inc. ("I-Health" or the "Defendant") arising out of the sale of dietary supplements fortified with highly processed fermented algae, including BrainStrong Toddler, BrainStrong Kid, and BrainStrong Adult (collectively "BrainStrong").

    2.    I-Health represents that its BrainStong products will support brain health. Defendant prominently makes representations on its BrainStrong packaging that it "supports brain development and function," is "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline." In fact, BrainStrong does not support brain health in children or adults and DHA algal oil supplementation is not clinically proven to support brain health. Defendant's representations are false, misleading, and reasonably likely to deceive the public.

Exh. A
83

3.    As a direct and proximate result of I-Health's false and misleading advertising claims and marketing practices, Plaintiff and the members of the Class, as defined herein, purchased I-Health BrainStrong to support brain health and were deceived by Defendant.

4.    Plaintiff seeks relief in this action individually, and on behalf of all purchasers of I-Health's BrainStrong, for I-Health's violations of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et. seq.*, for unjust enrichment, breach of express warranty, intentional misrepresentation, fraudulent concealment, violation of the New York General Business Law §349, *et seq.*, and violation of the New York General Business Law §350, *et seq.*

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this nationwide class action arising under the Class Action Fairness Act of 2005, 28 U.S.C. §1332 (the Act). The Act provides for original jurisdiction in the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the amount in controversy exceeds in the aggregate five million dollars ($5,000,000), exclusive of interest and costs.

6.    Plaintiff alleges that the total claims of individual Class members, in the aggregate, exceed five million dollars ($5,000,000), as required by 28 U.S.C. §1332(d)(2) & (5), and a member of the Class of plaintiffs is a citizen of a state different from any defendant. Therefore, diversity of citizenship exists as required by 28 U.S.C. §1332(d)(2).

7.    Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.

## PARTIES

8.    Plaintiff Michael Yee is a resident of Brooklyn, New York who purchased BrainStrong in New York.

Exh. A
84

9.      Defendant I-Health is a Delaware corporation with its principal place of business located at 55 Sebethe Drive, Suite 102, Cromwell, Connecticut 06416. Defendant I-Health manufactured, advertised, marketed, distributed and sold BrainStrong in New York and throughout the nation.

## FACTUAL ALLEGATIONS

10.     I-Health manufactures, distributes, markets and sells BrainStrong in virtually every major food, drug, and mass retail outlet in New York and throughout the country. BrainStrong sells for approximately $15—$30.

11.     Defendant represents that BrainStrong products provide an essential daily supplement fortified with DHA algal oil that "supports brain development and function," is "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline."

12.     For example, on Defendant's website, I-Health prominently proclaims that BrainStrong Adult is "Clinically Shown to Improve Memory."[1]

## brainstrong ADULT

## CLINICALLY SHOWN TO IMPROVE MEMORY

13.     Additionally, on the packaging of their BrainStrong products I-Health represents that BrainStrong is "Clinically shown to improve memory," that it "[n]aturally supports mental clarity," and "[h]elps protect against normal cognative decline as we age."

---

[1] Available at http://www.brainstrongdha.com/products/brainstrong_adult (last accessed March 22, 2012).

Exh. A
85



14.     Defendant's representations are false, misleading and deceptive.

15.     I-Health represents that BrainStrong contains "life's DHA." Docosahexaenoic acid ("DHA") is a long-chain omega-3 fatty acid typically normally derived from fish oil. The DHA Defendant uses in BrainStrong is not derived from fish oil, but rather a type of DHA derived from fermented algae, or DHA algal oil. DHA from fermented algae does not support brain health.

16.     Despite I-Health's claims that BrainStrong is "clinically shown to improve memory," there are no legitimate scientific studies that show DHA algal oil supplementation supports brain health. Indeed, I-Health fails to identify any study that shows DHA algal oil is effective in supporting brain health.

Exh. A
86

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this class action on behalf of herself and all others similarly situated as members of the proposed Class.  The proposed Class, which Plaintiff seeks to represent, is comprised of all individuals who purchased I-Health BrainStrong in the United States (the "Class") since April 2011 (the "Class Period").  Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and any of its subsidiaries, affiliates, and officers, directors of the entity Defendant, or employees, and any legal representative, heir, successor, or assignee of Defendant.

18.    Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased I-Health BrainStrong in New York during the Class Period ("the New York Subclass").

19.    This action has been brought and may properly be maintained as a class action pursuant to *Federal Rules of Civil Procedure* Rule 23.

20.    The members of the Class and New York Subclass are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that hundreds of thousands of persons are members of the Class.  The precise number of Class members and their addresses are unknown to Plaintiff.  Class members may be notified of the pendency of this action by published and/or mailed notice.

21.    This action presents questions of law and fact common to all members of the Class.  These common questions predominate over the questions affecting only individual Class members.

22.    The questions common to members of the Class are, *inter alia*:

   a)   whether I-Health violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

   b)   whether I-Health was unjustly enriched by its conduct;

Exh. A
87

c)   whether I-Health breached an express warranty made to Plaintiff and the Class;

d)   whether I-Health advertises, or markets BrainStrong in a way that is false or misleading;

e)   whether BrainStrong fails to conform to the representations, which were published, disseminated and advertised to Plaintiff and the Class;

f)   whether I-Health concealed from Plaintiff and the Class that BrainStrong did not conform to its stated representations;

g)   whether, by the misconduct set forth in this Complaint, I-Health has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of BrainStrong;

h)   whether I-Health violated the New York General Business Law, § 349, *et seq.*;

i)   whether, as a result of I-Health's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

23.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff and all members of the Class have sustained economic injury arising out of Defendant's violations of common and statutory law as alleged herein.

24.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and he intends to prosecute

Exh. A
88

this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT 1

### (Violation of Magnuson-Moss Act (15 U.S.C. § 2301, *et seq.*))

26.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

27.     Plaintiff bring this claim individually and on behalf of the members of the Class against defendant I-Health.

28.     BrainStrong is a consumer product as defined in 15 U.S.C. §2301(1).

29.     Plaintiff and Class members are consumers as defined in 15 U.S.C. §2301(3).

30.     Defendant I-Health is a supplier and warrantor as defined in 15 U.S.C. §2301(4) and (5).

31.     In connection with the sale of BrainStrong, I-Health issued written warranties as defined in 15 U.S.C. §2301(6), which warranted that BrainStrong is "clinically shown to improve

Exh A
89

memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline."

32.     By reason of I-Health's breach of its express written warranties stating that BrainStrong is "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," I-Health has violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging Plaintiff and Class members.

## COUNT 2

### (Unjust Enrichment)

33.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

34.     Plaintiff brings this claim individually and on behalf of the members of the Class and New York Subclass against defendant I-Health.

35.     Plaintiff and Class members conferred a benefit on I-Health by purchasing BrainStrong.

36.     I-Health has been unjustly enriched in retaining the revenues derived from Class members' purchases of BrainStrong, which retention under these circumstances is unjust and inequitable because I-Health misrepresented that BrainStrong is "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," when in fact there is no scientific basis for I-Health's claims of efficacy, which caused injuries to Plaintiff and Class members because: (a) they would not have purchased BrainStrong on the same terms if the true facts concerning their actual composition had been known; and (b) they paid a price premium due to the misrepresentations concerning BrainStrong.

Exh. A
90

37.    Because I-Health's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, I-Health must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT 3

### (For Breach of Express Warranty)

38.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

39.    Plaintiff brings this claim on behalf of the nationwide Class under New York law, and on behalf of New York Subclass under New York law.

40.    I-Health, as the designer, manufacturer, marketer, distributor, or seller expressly warranted BrainStrong was "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline."

41.    In fact, I-Health's claims of the benefits of BrainStrong are not supported by science.  BrainStrong does not possess the quality, health benefits or value represented and warranted by I-Health.

42.    Plaintiff and Class Members were injured as a direct and proximate result of I-Health's breach because: (a) they would not have purchased BrainStrong on the same terms if the true facts regarding the lack of a legitimate scientific basis for Defendant's claims; (b) they paid a price premium due to the misrepresentations of BrainStrong; and (c) BrainStrong did not have the quality, health benefits or value as promised.

Exh. A
91

## COUNT 4

### (Intentional Misrepresentation)

43.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

44.    Plaintiff brings this claim on behalf of the nationwide Class under New York law, and on behalf of the New York Subclass under New York law.

45.    At all times herein referred to, I-Health was engaged in the business of designing, processing, marketing, distributing, or selling BrainStrong which are the subject of the present litigation.

46.    I-Health, acting through its officers, agents, servants, representatives, or employees, delivered BrainStrong to retail stores, distributors, and various other distribution channels.

47.    I-Health willfully, falsely, and knowingly misrepresented material facts relating to the character and quality BrainStrong.  These misrepresentations were contained in I-Health's website, advertising product brochures, packaging, product inserts, product descriptions and other marketing materials disseminated or caused to be disseminated by I-Health, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of I-Health, acting within the line and scope of their authority, so employed by I-Health to merchandise and market the product.

48.    I-Health's representations were made with the intent that the general public, including Plaintiff and Class members, would rely upon them.  I-Health's representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

Exh.A
92

49.     In actual and reasonable reliance upon I-Health's misrepresentations, Plaintiff and Class members purchased BrainStrong for their intended and reasonably foreseeable purposes. Plaintiff and Class members were unaware of the existence of facts that I-Health suppressed and failed to disclose.  If they had been aware of the suppressed facts, Plaintiff and Class members would not have purchased BrainStrong.

50.     Plaintiff and Class members are informed and believe, and thereon allege, that I-Health misrepresented material facts with the intent to defraud Plaintiff and Class members. Plaintiff and Class members were unaware of the intent of I-Health and relied upon the representations of I-Health in deciding to purchase BrainStrong.

51.     Plaintiff's and Class members' reliance on the representations of I-Health was reasonable.

52.     In actual and reasonable reliance upon I-Health's misrepresentations, Plaintiff and Class members purchased BrainStrong, the direct and proximate result of which was injury and harm to the Plaintiff and Class members because:  a) they would not have purchased BrainStrong on the same terms, had they known the true facts regarding the lack of a legitimate scientific basis for Defendant's claims; (b) they paid a price premium due to the misrepresentations of I-Health regarding BrainStrong; and (c) BrainStrong did not have the quality, health benefits or value as promised.

## COUNT 5

### (Fraudulent Concealment / Nondisclosure)

53.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

Exh .A
93

54.     Plaintiff brings this claim on behalf of the nationwide Class under New York law, and on behalf of the New York Subclass under New York law.

55.     I-Health knew at the time of sale that there was no legitimate scientific basis for I-Health's claims concerning the efficacy of its BrainStrong.

56.     I-Health fraudulently concealed from and/or intentionally failed to disclose to Plaintiff, the Class, and all others in the chain of distribution (*e.g.*, concealments and omissions in I-Health's communications with wholesalers, retailers, and others in the chain of distribution that were ultimately passed on to Plaintiff and the Class) that there was no legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong.

57.     I-Health had exclusive knowledge that there was no legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong and that it would not be anticipated that consumers, wholesalers or retailers would conduct independent tests on BrainStrong to determine efficacy. The defect, i.e., the lack of scientific support I-Health's BrainStrong efficacy, is latent and not something that Plaintiff or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase, because it is not feasible for individual consumers to conduct their own laboratory analysis of BrainStrong prior to purchase.

58.     I-Health had the capacity to, and did deceive consumers into believing that the products they were purchasing "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline."

59.     I-Health undertook active and ongoing steps to conceal the lack of a legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong. Plaintiff is aware of nothing in I-Health's advertising, publicity or marketing materials that discloses the truth about

Exh. A
94

lack of a legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong, despite I-Health's awareness of the problem.

60.    The facts concealed and/or not disclosed by I-Health to Plaintiff and the Class are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) BrainStrong.

61.    Since I-Health elected to make representations regarding the efficacy of BrainStrong, i.e., that it was "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," I-Health had a duty to accurately disclose the lack of a legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong in its marketing, advertising and at the time of sale.

62.    I-Health intentionally concealed and/or failed to disclose the lack of a legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong for the purpose of inducing the Plaintiff and the Class to act thereon.

63.    Plaintiff and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of BrainStrong.

64.    Had Plaintiff and the Class known of the lack of a legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong they would not have purchased (or would have paid less for) BrainStrong.

## COUNT 6

### (Violation Of New York General Business Law § 349)

65.    Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

Exh. A
95

66.    Plaintiff brings this claim on behalf of the New York Subclass under New York law.

67.    I-Health engaged in making false and misleading marketing and advertising claims, representing that BrainStrong was "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," when in fact these claims lack legitimate scientific basis concerning the efficacy of BrainStrong.

68.    As set for above, by advertising, marketing, distributing and/or selling BrainStrong to Plaintiff and the New York Subclass, I-Health engaged in, and continues to engage in, deceptive acts and practices.

69.    Plaintiff and other members of the New York Subclass further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the members of the New York Subclass will be irreparably harmed unless the unlawful actions of I-Health are enjoined in that I-Health will continue to falsely and misleadingly advertise BrainStrong as being "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline." Therefore, Plaintiff and the New York Subclass request an order granting them injunctive relief ordering appropriate disclosures and/or disclaimers in the advertising, marketing and promotion of BrainStrong.

70.    Absent such injunctive relief, I-Health will continue to advertise, market and sell BrainStrong as "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," even though there is no legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong, to the detriment of consumers.

Exh. A
96

71.     In this regard, I-Health has violated, and continue to violate, G.B.L. § 349, which makes deceptive acts and practices unlawful.  As a direct and proximate result of I-Health's violation of G.B.L. § 349 as alleged above, Plaintiff and other members of the New York Subclass have suffered damages, in an amount to be determined at trial.

## COUNT 7

### (Violation Of New York General Business Law § 350)

72.     Plaintiff and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

73.     Plaintiff brings this claim on behalf of the New York Subclass under New York law.

74.     I-Health engaged in making false and misleading marketing and advertising claims, representing that BrainStrong was "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline," when in fact these claims lack legitimate scientific basis concerning the efficacy of BrainStrong.

75.     New York G.B.L. § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect."

76.     As set for above, by advertising, marketing, distributing and/or selling BrainStrong to Plaintiff and the New York Subclass, I-Health engaged in, and continues to engage in, false advertising.

77.     Plaintiff and other members of the New York Subclass further seek to enjoin such false advertising as described above.  Each of the members of the New York Subclass will be irreparably harmed unless the unlawful actions of I-Health are enjoined in that I-Health will

Exh. A
97

continue to falsely and misleadingly advertise and market BrainStrong as "clinically shown to improve memory," "naturally supports mental clarity," and "helps protect against normal cognitive decline." Therefore, Plaintiff and the New York Subclass request an order granting them injunctive relief ordering appropriate disclosures and/or disclaimers in the advertising, marketing and promotion of BrainStrong.

78.     Absent such injunctive relief, I-Health will continue to advertise, market and sell BrainStrong as "clinically shown to improve memory", "naturally supports mental clarity" and "helps protect against normal cognitive decline," even though there is no legitimate scientific basis for I-Health's claims concerning the efficacy of BrainStrong, to the detriment of consumers.

79.     In this regard, I-Health has violated, and continue to violate, G.B.L. § 350, which makes deceptive acts and practices unlawful. As a direct and proximate result of I-Health's violation of G.B.L. § 350 as alleged above, Plaintiff and other members of the New York Subclass have suffered damages, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against I-Health, as follows:

A.     For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representatives and Plaintiff's attorneys as Class Counsel to represent the Class members;

B.     For an order declaring that I-Health's conduct violates the statutes referenced herein;

C.     For an order finding in favor of the Plaintiff, the nationwide Class and the New York Subclass on all counts asserted herein;

Exh. A
98

D.      For an order awarding compensatory, treble, and punitive damages in amounts to

be determined by the Court and/or jury;

E.      For prejudgment interest on all amounts awarded;

F.      For an order of restitution and all other forms of equitable monetary relief;

G.      For injunctive relief as pleaded or as the Court may deem proper; and

H.      For an order awarding Plaintiff and the Class and subclasses their reasonable

attorneys' fees and expenses and costs of suit.

## JURY DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: March 27, 2012                        Respectfully submitted,

                                             By: _____

                                             FARUQI & FARUQI, LLP
                                             Nadeem Faruqi (NF-1184)
                                             369 Lexington Avenue, 10th Floor
                                             New York, New York 10017
                                             Tel: 212-983-9330
                                             Fax: 212-983-9331
                                             Email: nfaruqi@faruqilaw.com
                                             Email: jmonteverde@faruqilaw.com

                                             *Attorneys for Plaintiff*

Exh. A
99

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3

4  DEPARTMENT NO. 311      HON. JOHN SHEPARD WILEY JR., JUDGE

5

6  AMY JOVEL,              )
                       )
7          PLAINTIFF,     )
                       )
8      VS.            )   CASE NO. BC 481048
                       )
9  I-HEALTH, INC.,       )
                       )
10        DEFENDANT.     )
    _____)

11

12           REPORTER'S TRANSCRIPT OF PROCEEDINGS

13              FRIDAY, MAY 25, 2012

14

15  APPEARANCES:

16  FOR THE PLAINTIFF:      BONNETT, FAIRBOURN, FRIEDMAN &
   (VIA COURTCALL)         BALINT
17                      BY:  PATRICIA N. SYVERSON, ESQ.
                      2901 NORTH CENTRAL AVENUE
18                      SUITE 1000
                      PHOENIX, ARIZONA 85012
19                      (602) 274-1100

20  FOR THE DEFENDANT:      HOGAN, LOVELLS
                      BY:  ROBERT B. HAWK, ESQ.
21                      525 UNIVERSITY AVENUE
                      4TH FLOOR
22                      PALO ALTO, CALIFORNIA 94301
                      (650) 463-4000
23

24

25

26                      LINDA L. COMSTOCK, CSR NO. 3741
27                      OFFICIAL REPORTER

28  ORIGINAL

Exh. A
100

1

```
 1    LOS ANGELES, CALIFORNIA; FRIDAY, MAY 25, 2012; 8:35 A.M.
 2    DEPARTMENT NO. 311        HON. JOHN SHEPARD WILEY JR., JUDGE
 3
 4         THE COURT:  I think the sensible thing is to go to -- is
 5    it Jovel or Jovel (pronouncing)?
 6         MR. HAWK:  Your Honor, I believe it's Jovel.
 7         THE COURT:  Jovel.  That's number three on the calendar.
 8    That's Jovel versus I-Health.
 9              Let's get appearances when everyone is able to be
10    seated.
11              I think on the telephone, we might have Patricia --
12    is it Syverson?
13         MS. SYVERSON:  Yes, it is.  Good morning, Your Honor.
14         THE COURT:  And in court we have --
15         MR. HAWK:  Robert Hawk from Hogan, Lovells, Your Honor,
16    for defendant I-Health.
17         THE COURT:  Good morning, everybody.  Do have a seat and
18    be comfortable, please.
19              Thank you for your status reports May 18th and
20    May 21st from the defense and the plaintiff, respectively.
21              It seems to me that the sensible thing to do here is
22    to resolve this issue of a stay, given that there's a New York
23    action pending that may or may not be relevant for stay
24    purposes.
25              Does the plaintiff have any disagreement that that's
26    the logical first step?
27         MS. SYVERSON:  Well, we actually believe that a stay is
28    not appropriate in this action, a stay of our action.  If
```

Exh. A

/0/

1    there was a stay at all, it would be of the New York action.

2         THE COURT:   Right.   So you understand the defense is

3    urging a stay so I need to make a decision on that; right?

4         MS. SYVERSON:   Yes.

5         THE COURT:   Right.   So I guess you agree with me that the

6    first step we ought to take is to set that motion for hearing.

7         MS. SYVERSON:   Yes.   We agree.

8         THE COURT:   And the defense agrees.

9         MR. HAWK:   Yes, Your Honor.

10        THE COURT:   Counsel, this case is close to settlement.

11   Let's keep our momentum going here.

12        Now, this will be a defense motion.   Have you

13   conferred with the plaintiff about a briefing schedule?

14        MR. HAWK:   We have not, Your Honor.

15        THE COURT:   Let me encourage the parties before you come

16   to court to talk over what you want to accomplish that day and

17   to see if there's agreement; and if there's agreement, spell

18   out the agreement, including briefing deadlines and hearing

19   dates, present it to me as a fait accompli, and I will predict

20   that I'll agree with you.

21        So, counsel, it's a pleasure to work with you.   Let

22   me serve you in every way I can.   Let me ask you to tell me

23   how I can make all of your dreams come true.   It sounds like

24   the first step in that process now is this motion.   Let's go

25   off the record, if that's agreeable, just to discuss

26   calendaring matters.

27        Is that all right with the plaintiff?

28        MS. SYVERSON:   Yes, it is.

Exh. A

102

1      MR. HAWK:  Yes, Your Honor.  That's fine.

2      THE COURT:  So we're off the record here.

3          (Discussion off the record.)

4      THE COURT:  So we've been off the record talking about

5   scheduling and communication and other procedural matters.

6          Now we have a substantive issue.  The plaintiff is

7   proposing a second amended complaint.  It seems to me that the

8   second amended complaint would be pertinent to the motion to

9   stay; so how far along in your contemplation are you?  Have

10   you got the thing drafted?

11      MS. SYVERSON:  We could file it on Tuesday.

12      THE COURT:  I think that would be sensible because then

13   your colleague would have a current target and probably you

14   would want the advantage of the most recent version of your

15   pleadings for your arguments as well; right?

16      MS. SYVERSON:  Yes.  I agree.

17      THE COURT:  So any response there?

18      MR. HAWK:  Only, Your Honor, I understand that, you know,

19   what the standard is for amending is a very liberal standard,

20   and the only thing I would raise is that they've -- the

21   plaintiffs in this case have taken their sort of one free

22   without-cause amendment.  I guess all I -- and I -- I'm

23   confident that we would stipulate to the amendment but I

24   would -- I would like to see what the complaint is before I

25   stipulate and I would -- I would like to just know why the

26   amendment is being made at this point.  That's all.  Just a

27   statement to that effect, if --

28      THE COURT:  Well, this might be the right time to

Exh. A
103

1   communicate by message board.  So what I'll do is I'll set a

2   hearing date.  The defense requests are certainly reasonable.

3   You have no right on a second amended complaint to demand that

4   they stipulate to it.  The defense posture is also extremely

5   reasonable.  The chances of winning a motion to oppose an

6   amendment when we've just gotten together for our first

7   hearing today, under California appellate law, is -- that

8   would be an heroic motion.  Nonetheless, I'd like to underline

9   how important courtesies are, ordinary observance of the

10  golden rule.  If your colleague is going to ask you for a

11  favor, it's reasonable to explain why it is you want the favor

12  and what might be asked in return.

13         So I'm not going to have that conversation going on

14  the record.  That's just a matter of working with opposing

15  counsel off the record and on the phone.  I'll set a date that

16  can go off calendar if everybody's happy with the proposal.

17  Should I set, what, in a week, say, a further case management

18  conference?  Would the plaintiff say this would be a sensible

19  idea next Friday?

20         MS. SYVERSON:  Yes.  Okay.

21         THE COURT:  We'll put that at 8:30.

22         Now, I fully expect this 8:30 hearing to go straight

23  off calendar.  Just let us know about that.  Phone either

24  Ms. Mata or Ms. Bivins here in 311 and tell us that nothing is

25  coming in terms of hearing that date, and we'll just go on to

26  the July hearing date then.  But our default right now is a

27  June 29th, 8:30, hearing.

28         Notice is waived on that score and all other scores

Exh. A
109

1   as well; correct?

2        MS. SYVERSON:  Yes.

3        THE COURT:  Notice is waived?

4        MR. HAWK:  Yes.  Notice is waived.  Yes, Your Honor.

5   June 1st will be -- what's on calendar?

6        THE COURT:  June 1st.  Yes.  I meant to say June 1st.  My

7   error.  Do forgive me, please.

8        Now, June 1st is a red letter date or more like a

9   black letter day in Department 311.  It is our last day for

10  our court reporter.  All the court reporters in the civil

11  division are being laid off or, if they're sufficiently

12  senior, moved to some other assignment out of civil.  We're

13  going to have no full time civil court reporters.

14       So from June 1st on, if you want our hearing

15  transcribed, you're going to have to arrange for that

16  yourself.  There's some interim partial, very part-time court

17  reporting that will be done one morning and one afternoon, but

18  I'm not setting hearings on that basis.  I'm just asking you

19  to be prepared.  If you want it reported, handle it yourself.

20  I apologize.  I wish California right now had another 16

21  billion dollars and we wouldn't have this problem, but we

22  don't and we do.

23       So there's a page right there that all counsel who

24  are physically in the room might want to just pick up.  That's

25  not a court-endorsed program, but it's for your information.

26       Would you mind scanning that or faxing that to your

27  colleague?

28       MR. HAWK:  Yes, Your Honor.  Sure.  Glad to.

Exh.A
105

 1        THE COURT:  This isn't notice but it's the same

 2   information about court reporting alternatives that the

 3   defense has got.  Is that all right, from the plaintiff's

 4   point of view, that we proceed that way?

 5        MS. SYVERSON:  Yes.  Thank you.

 6        THE COURT:  All right.  I think we've got the waterfront

 7   covered as far as I'm concerned.

 8           How may I be of service to you?  Let's start with

 9   the plaintiff and go to the defendant.

10        MS. SYVERSON:  I think we're good at this point.

11        THE COURT:  Good.

12        MR. HAWK:  Yes, Your Honor.  We are good.  Thank you very

13   much.

14        THE COURT:  All right.  Now, in your briefing, please lay

15   out how we should proceed at what will be also a case

16   management conference.  So, obviously, whether the stay is

17   granted or not will affect your plans, but give me some idea

18   of how you think things should proceed in both alternatives.

19           Now, I'm assuming that the -- there's going to be a

20   stipulation to allow the filing of the second amended

21   complaint and that there would be no obligation on the defense

22   to demur or to answer within any period of time.

23        MR. HAWK:  I was going to raise that, Your Honor.  I

24   should have raised that.

25        THE COURT:  No.  A concomitant of the idea of we're

26   talking about a possible stay is that the plaintiff wants to

27   take that step but that wouldn't trigger a time clock on the

28   defense.

Exh. A
106

7

1          The plaintiff thinks that's a sensible approach?

2     MS. SYVERSON:  Yes.  I think so.

3     THE COURT:  Yes.  I mean until we decide whether there's

4     a stay, let's just have a standstill, except for this second

5     amended complaint and this briefing.

6          All right, then.  Notice is waived.

7          Counsel, thank you so much.  I look forward to

8     working with you both.

9     MR. HAWK:  Thank you, Your Honor.

10     MS. SYVERSON:  Thank you, Your Honor.

11     MR. HAWK:  It's a pleasure.

12     THE COURT:  Good-bye.

13          (Proceedings in the above-entitled matter

14            were concluded.)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. A
(07

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     FOR THE COUNTY OF LOS ANGELES

 3
     DEPARTMENT NO. 311        HON. JOHN SHEPARD WILEY JR., JUDGE
 4

 5

 6   AMY JOVEL,                    )
                                   )
 7              PLAINTIFF,         )
                                   )    CASE NO. BC 481048
 8        VS.                     )
                                   )    REPORTER'S CERTIFICATE
 9   I-HEALTH, INC.,              )
                                   )
10              DEFENDANT.         )
     _____)
11                                 )

12

13           I, LINDA L. COMSTOCK, OFFICIAL REPORTER OF THE

14   SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS

15   ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 1 THROUGH

16   8, INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF

17   THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER ON MAY 25,

18   2012.

19                     DATED THIS 1ST DAY OF JUNE, 2012.

20

21

22

23   _____ CSR NO. 3741
                  OFFICIAL REPORTER
24

25

26

27

28
```

Exh. 8

1 │ BONNETT, FAIRBOURN, FRIEDMAN
   │ & BALINT, P.C.
2 │ TODD D. CARPENTER (234464)
   │ 600 W. Broadway, Suite 900
3 │ San Diego, California 92101
   │ tcarpenter@bffb.com
4 │ Telephone: (619) 756-6978

5

6 │              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 │                      COUNTY OF LOS ANGELES

8 │ AMY JOVEL, On Behalf of Herself and      Case No.: BC481048
   │ All Others Similarly Situated,
9 │
   │              Plaintiff,
10 │                                         **STIPULATION AND [PROPOSED]**
   │                                         **ORDER TO FILE SECOND AMENDED**
11 │        v.                               **COMPLAINT**

12 │
   │ I-HEALTH, INC., a Delaware
13 │ Corporation
   │
14 │              Defendant.

15

16

17    WHEREAS, on May 25, 2012, at the initial status conference, the parties discussed

18 Plaintiff's desire to amend her complaint to alleged multi-state consumer fraud and breach of

19 express warranty claims;

20    WHEREAS, after the initial status conference Plaintiff prepared a proposed Second

21 Amended Complaint, attached hereto as Exhibit A, which includes multi-state consumer fraud

22 and breach of express warranty claims;

23    WHEREAS, Plaintiff provided Defendant with an advanced draft of the proposed Second

24 Amended Complaint; and

25    WHEREAS, the parties met and conferred on the Second Amended Complaint and

26 Defendant does not object to the Court granting Plaintiff leave to file the proposed Second

27 Amended Complaint.

28
                                  Exh. A
                                   109
                                  - 1 -

1        NOW THEREFORE Plaintiff requests (and Defendant does not oppose that request) that

2    the Court grant leave to Plaintiff to file the proposed Second Amended Complaint.

3        IT IS SO STIPULATED

4    Dated: May 30, 2012

5                                   BONNETT, FAIRBOURN, FRIEDMAN
                                     & BALINT, P.C.

6

7

8                                   Todd D. Carpenter

9                                   Attorneys for Plaintiff
                               AMY JOVEL

10

11   Dated: May 30, 2012

12                                  HOGAN LOVELLS US LLP

13                                  Robert B. Hawk

14                                  Attorneys for Defendant
                               I-HEALTH, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              Exh. A
                              110

                              - 2 -

1

## <u>ORDER</u>

2

   In light of the foregoing stipulation, leave to file the Second Amended Complaint is

3

GRANTED and the Second Amended Complaint shall be deemed filed on the date of this

4

Order.

5

IT IS SO ORDERED.

6

7

Dated:_____

Judge

8

Superior Court of the State of California
County of Los Angeles

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. A

- 3 -

# EXHIBIT A

1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  PATRICIA N. SYVERSON (203111)
   2901 N. Central Ave., Suite 1000
3  Phoenix, AZ 85012
   psyverson@bffb.com
4  Telephone:   (602) 274-1100

5  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
6  TODD D. CARPENTER (234464)
   600 W. Broadway, Suite 900
7  San Diego, California 92101
   tcarpenter@bffb.com
8  Telephone: (619) 756-6978

9  LEVIN, FISHBEIN, SEDRAN & BERMAN
   STEWART WELTMAN, OF COUNSEL
10 122 S. Michigan Avenue, Suite 1850
   Chicago, Illinois 60603
11 sweltman@futtermanhoward.com
   Telephone: (312) 427-3600

12
   LEVIN, FISHBEIN, SEDRAN & BERMAN
13 HOWARD J. SEDRAN
   510 Walnut Street
14 Philadelphia, Pennsylvania 19106
   Telephone: 215-592-1500

15
   Attorneys for Plaintiff
16

17           SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       COUNTY OF LOS ANGELES
18

19 AMY JOVEL, On Behalf of Herself and    | Case No.: BC481048
   All Others Similarly Situated,          |
20                                         | SECOND AMENDED CLASS ACTION
              Plaintiff,                    | COMPLAINT FOR:
21                                         |
                                           | 1.   VIOLATION OF THE UNFAIR
22        v.                               |      COMPETITION LAW, Business and
                                           |      Professions Code §17200 et seq.;
23 I-HEALTH, INC., a Delaware              | 2.   VIOLATION OF THE CONSUMERS
   Corporation                             |      LEGAL REMEDIES ACT,
24                                         |      Civil Code §1750 et seq.; and
              Defendant.                    | 3.   BREACH OF EXPRESS
25                                         |      WARRANTY.
26                                         | DEMAND FOR JURY TRIAL
27

28                            Ehx. A
                              113

1    Plaintiff Amy Jovel brings this action on behalf of herself and all others similarly

2    situated against Defendant I-Health, Inc. and states:

3    **NATURE OF ACTION**

4    1.    Defendant manufactures, markets, sells and distributes BrainStrong, a line

5    of four dietary supplements fortified with highly processed fermented algae.[1]  Through an

6    extensive, widespread, comprehensive and uniform nationwide marketing campaign,

7    Defendant claims that taking its BrainStrong products will support brain health.  On each

8    and every BrainStrong Toddler and Kids package, where it cannot be missed by

9    consumers, Defendant prominently states that BrainStrong "Supports brain development

10   and function".   Similarly, on each and every BrainStrong Adult package, Defendant

11   represents that the product is "clinically shown to improve memory", "naturally supports

12   mental clarity" and "helps protect against normal cognitive decline" (hereinafter "the

13   brain health representations").  The brain health representations appear prominently on the

14   front of each and every BrainStrong box.

15   2.    In truth, the BrainStrong products do not support brain health in children or

16   adults.   Clinical cause and effect studies have consistently found no causative link

17   between DHA algal oil supplementation and brain health.  Defendant's representations are

18   false, misleading, and reasonably likely to deceive the public.

19   3.    Defendant has employed numerous methods to convey its uniform,

20   deceptive brain health representations to consumers, starting with the Products'

21   "BrainStrong" name, its website and in its online and print promotional materials and,

22   importantly, prominently on the front and center of the Products' packaging where the

23   brain health representations cannot be missed by consumers.  The only reason a consumer

24   would purchase BrainStrong is to obtain the advertised brain health benefits, which are the

25   ────────────────

26   [1] These products include: (1) BrainStrong Prenatal; (2) BrainStrong Toddler; (3) BrainStrong
     Kids; and (4) BrainStrong Adults.   This lawsuit concerns only three of the products --

27   BrainStrong Toddler, BrainStrong Kids and BrainStrong Adults (collectively "BrainStrong" or
     "the Products").

28   EXA

     -2-

1   only represented benefits and which the Products do not provide.

2       4.      As a result of Defendant's deceptive brain health representations, consumers

3   – including Plaintiff and members of the proposed Class – have purchased Products that

4   do not perform as advertised.

5       5.      Plaintiff brings this action on behalf of herself and other similarly situated

6   consumers who have purchased BrainStrong to halt the dissemination of this false,

7   misleading and deceptive advertising message, correct the false and misleading perception

8   it has created in the minds of consumers, and obtain redress for those who have purchased

9   the Products.  Based on violations of state unfair competition laws (detailed below) and

10  breach of express warranties, Plaintiff seeks injunctive and monetary relief for consumers

11  who purchased BrainStrong.

12                          **JURISDICTION AND VENUE**

13      6.      This Court has jurisdiction over Defendant and the claims set forth below

14  pursuant to Code of Civil Procedure §410.10 and the California Constitution, Article VI

15  §10, because this case is a cause not given by statute to other trial courts.

16      7.      This Court has jurisdiction over Defendant because it is a corporation that

17  does substantial business in California, including Los Angeles County.  Defendant

18  promotes, markets, distributes and sells BrainStrong in Los Angeles County, causing

19  Defendant to incur both obligations and liabilities in Los Angeles County.

20      8.      The amount in controversy requirement exceeds the jurisdiction minimum

21  of this Court.

22      9.      Venue is proper in Los Angeles County because Defendant systemically and

23  continuously transacts business in Los Angeles County California and the transactions

24  with Plaintiff took place in Los Angeles County, California

25                                  **PARTIES**

26      10.     Plaintiff Amy Jovel resides in Los Angeles County, California.  In or around

27                                  Exh. A
                                    115
28                                  - 3 -

December 2011, Plaintiff Jovel purchased one box of BrainStrong Kids from a Wal-Mart in Los Angeles, California. Prior to purchasing BrainStrong Kids, Plaintiff Jovel was exposed to and saw Defendant's advertisements claiming that the Products support brain health in adults and children. Prior to purchasing the Product, Plaintiff also read the BrainStrong Kids label reaffirming the claims she saw in the advertisements. Relying on these claims, Plaintiff Jovel purchased BrainStrong Kids, believing the Product supported brain health. She paid approximately $15 for the Product. Plaintiff gave the Product to her daughter as directed. The BrainStrong Kids product Plaintiff purchased does not support brain health as represented. As a result, Plaintiff suffered injury in fact and lost money. Had Plaintiff known the truth about Defendant's misrepresentations and omissions, she would not have purchased BrainStrong Kids.

11.     Defendant I-Health, Inc ("I-Health") is a corporation organized and existing under the laws of the state of Delaware. I-Health's headquarters is at 55 Sebethe Drive, Suite 102, Cromwell, Connecticut 06416. Defendant I-Health manufactured, advertised, marketed, distributed and sold the BrainStrong products throughout the United States, including California.

## FACTUAL ALLEGATIONS

### The BrainStrong Products

12.     Since April 2011, Defendant has manufactured, distributed, marketed and sold its BrainStrong products throughout the United States, including California. This lawsuit concerns three of those products: (1) BrainStrong Toddler; (2) BrainStrong Kids; (3) and BrainStrong Adults.

13.     Defendant's BrainStrong products are sold in virtually every major food, drug, and mass retail outlet in the country. The Products retail for approximately $15-$30. The following are screen shots of the Products:

Exh. A
116

- 4 -

  

14. Since the Products' launch, Defendant has consistently conveyed the message to consumers throughout California that its BrainStrong products provide an essential daily supplement fortified with DHA algal oil that "supports brain health and function" in children and adults. They do not. Defendant's brain health representations are false, misleading and deceptive.

15. All three BrainStrong products contain "life's DHA". DHA is a long-chain omega-3 fatty acid typically found in cold water fish. The DHA in Defendant's BrainStrong products is not derived from fish oil. Instead, the DHA oil in Defendant's products is an immature short-chain omega-3 fatty acid made from an extract of mutated and fermented algae. Contrary to Defendant's representations made on each and every Product package, DHA algal oil does not support brain health.

16. There are no competent and reliable scientific studies that DHA algal oil supplementation supports brain health. The one and only "reference" appearing on any of the Products is on the BrainStrong Adult label, purportedly supporting Defendant's "clinically shown to improve memory" representation. But, no identifying information is included with the "reference" to enable consumers to locate and review the "reference". The "reference" is not competent and reliable scientific support for Defendant's brain

Ex. A

-5-

1    health representation.

2         17.    In truth, clinical cause and effect studies establish that Defendant's brain

3    health representations are deceptive. For example, in Kirby, A., et al., *A Double-Blind,*

4    *Placebo-Controlled Study Investigating the Effects of Omega-3 Supplementation in*

5    *Children Aged 8-10 Years from a Mainstream School Population*, 31(3) Research in

6    Developmental Disabilities 718-30 (2010),  the study authors examined the effects of fish

7    oil DHA supplementation on 450 students (ages 8-10 years old) for 16 weeks. *Id.* at 720.

8    The study authors found that despite the wide range of cognitive and behavior outcomes

9    used, DHA supplementation resulted in no significant differences in cognitive results:

10   "very few significant differences between the supplemented and placebo group on the

11   learning and performance measures used." *Id.* at 729.

12        18.    Similarly, a 2008 study funded by Martek Biosciences, the manufacturers of

13   the Life's DHA in the Products, concluded that there was no statistically significant

14   difference between the DHA and placebo group in cognitive function. *See* Ryan, A., et

15   al., *Assessing the Effect of Docosahexaemoic Acid on Cognitive Functions in Healthy*

16   *Preschool Children*, 47(4) Clin. Pediatr. 355-62 (2008) (the Ryan Study).[2] *See also*

17   Eilander, A., et al., *Effects of n-3 long chain polyunsaturated fatty acid supplementation*

18   *on visual and cognitive development throughout childhood: a review of human studies*,

19   76(4) J. Prostaglandins, Leukotrienes and Essential Fatty Acids 189-203 (Apr. 2007)

20   ("Evidence for benefits of n-3 LCPUFA on cognitive development in healthy children

21   older than 2 years of age is too limited to allow a clear conclusion.").

22        19.    These and other competent and reliable scientific studies have found no

23   cause and effect relationship between intake of dietary supplements with DHA algal oil

24   and cognitive development.   Defendant's brain health representations are false and

25   misleading and reasonably likely to deceive the average consumer.

26   _____

27   [2] This study examined 175 4-year old children who received either 400 mg/d of DHA derived
     from the microalgae *Schizochytrium* spp or a placebo in capsules for 4 months.

28

20.     Despite the lack of any competent and reliable scientific evidence that DHA algal oil supplementation supports brain health and the overwhelming evidence that it does not, each and every Product package repeatedly emphasizes that the BrainStrong products support brain health.  Each and every consumer who purchases the Products is exposed to these deceptive brain health representations, which appear prominently and conspicuously on the front of the Products' packaging:



21.     And, the entire backside panel is dedicated to promoting the DHA algal oil in Defendant's Products and its purported ability to support brain health:

Exht. A
119
-7-

**Give your child a "vitamin" for their brain every day!**
The school-age years bring a whole new set of challenges for young children. Ensuring that they get the proper amount of rest and eat a healthy diet is key. Supplementing their diet with DHA, an Omega-3 fatty acid and essential brain nutrient, will help keep your child's brain functioning at its best.*

BrainStrong™ Kids great tasting gummies contain life'sDHA™, the same brand of DHA found in infant formula. Since most kids don't eat the foods that naturally contain DHA, a supplement containing DHA is especially important to help promote optimal brain function.*

## Supplement Facts

Serving Size: One (1) Gummy    Servings Per Container: 30

| | Amount Per Serving | % DV 3 years of age | % DV 4+ years of age |
|---|---|---|---|
| Calories | 5 | | |
| Carbohydrates | 1g | 0% | 0% |
| Sugars | 1g | | |
| Vitamin A (Palmitate) | 2500 IU | 100% | 50% |
| Vitamin C (as Ascorbic Acid) | 60 mg | 150% | 100% |
| Vitamin D3 (as Cholecalciferol) | 200 IU | 50% | 50% |
| Vitamin E (as d-tocopheryl acetate) | 10 IU | 100% | 33% |
| Riboflavin (Vitamin B2) | 1.6 mg | 100% | 94% |
| Vitamin B6 (Pyridoxine HCl) | 1.5 mg | 200% | 94% |
| Pantothenic Acid (as d-panthenol) | 5 mg | 190% | 75% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † | † |

**Percent Daily Values based on a 2,000 calorie diet.   † Daily Value not established.

Other Ingredients: Glucose syrup, sugar, gelatin, dextrose, orange flavor, soy lecithin, lemon flavor, mixed carotenes (containing glycerol, coconut oil, citric acid, malic acid, glazing agent (fractionated coconut oil and/or palm kernel oil, coconut oil, and high oleic sunflower oil, and carnauba wax), sunflower oil, anthocyanins, water.

**Directions:** For children 3+ years of age, chew one gummy daily. Not intended for children under 3 years of age due to risk of choking. THIS PRODUCT IS INTENDED FOR USE UNDER ADULT SUPERVISION ONLY. KEEP OUT OF REACH OF CHILDREN.

Distributed by Amerifit, Inc. Cromwell, CT 06416. Made in the United Kingdom.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

© Amerifit, Inc. 2011

Copies of all the BrainStrong product labels are attached hereto as Exhibit A.

*The Impact of Defendant's Wrongful Conduct*

22.  Despite inadequate and inapposite testing, Defendant continues to unequivocally claim that its Products support brain health and function for children and adults alike.

23.  As the manufacturer and distributor of the BrainStrong products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects - and has learned of the effects - its Products have on consumers.

24.  Specifically, Defendant knew or should have known, but failed to disclose that its Products do not support brain health, that it has no competent and reliable scientific evidence that BrainStrong works as represented and that well conducted, clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

Exh. A
120

-8-

25.     Nonetheless, Defendant conveyed and continues to convey one uniform message through its advertising campaign: BrainStrong supports brain health in children and adults.

26.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive brain health representations.  Plaintiff purchased and consumed the Product during the relevant time period and in doing so, read and considered the Product labels and based her decision to buy the Product on the brain health representations.  Defendant's brain health representations and omissions were a material factor in influencing Plaintiff's decision to purchase and give her daughter the Product.  Plaintiff would not have purchased the Product had she known that Defendant's claims were false and misleading, that Defendant did not possess competent and reliable scientific evidence to support its brain health representations, and that clinical cause-and-effect studies have found no causative link between DHA algal oil supplementation and brain health.

27.     As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendant's representations, supported brain health, when, in fact, they do not.

28.     Defendant, by contrast, reaped enormous profits from its false marketing and sale of these products.

## CLASS DEFINITION AND ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all similarly situated consumers pursuant to C.C.P. §382 and Cal. Civ. Code §1781 and seeks certification of the following Class against I-Health for violations of California state laws and/or similar laws in other states:

Ex. A
121
-9-

**Multi-State Class Action**
All consumers who purchased BrainStrong Toddler, BrainStrong Kids and/or BrainStrong Adults.

Excluded from the Class are Defendant and its officers, directors and employees and those who purchased BrainStrong for the purpose of resale.

30.     In the alternative, Plaintiff brings this brings this action on behalf of herself and all similarly situated California consumers pursuant to C.C.P. §382 and Cal. Civ. Code §1781 and seeks certification of the following Class:

**California-Only Class Action**
All California consumers who purchased BrainStrong Toddler, BrainStrong Kids and/or BrainStrong Adults.

Excluded from the Class are Defendant and its officers, directors and employees and those who purchased BrainStrong for the purpose of resale.

31.     Plaintiff and the members of the Class are so numerous and geographically dispersed that joinder of all members individually is impracticable. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

32.     The disposition of Plaintiff's and proposed Class members' claims in a class action will provide substantial benefits to both the parties and the Court.

33.     The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in a similar fashion based upon Defendant's uniform warranties and misrepresentations and material omissions about its BrainStrong products.

Exh. A
122

34.     The questions of law and fact common to the proposed Class predominate over questions that may affect particular proposed Class members.  Common questions of fact and law include, but are not limited to, the following:

(a)     whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(b)     whether Defendant's alleged conduct violates public policy;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Defendant engaged in false or misleading advertising;

(e)     whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(f)     whether Plaintiff and Class members are entitled to restitution and disgorgement of damages; and

(g)     whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

35.     Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

36.     Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above, and were subject to Defendant's deceptive brain health representations, including the deceptive brain health representations that accompanied each and every box of BrainStrong.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

37.     Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity with all of the obligations and duties material thereto.  Plaintiff

1   will fairly and adequately protect the interests of the Class and has no interests adverse to

2   or which directly and irrevocably conflict with the interests of other members of the Class.

3       38.    The self interests of the Plaintiff are co-extensive with, and not antagonistic

4   to, those of the absent Class members.  Plaintiff will undertake to represent and protect the

5   interests of the absent Class members.

6       39.    Plaintiff has engaged the services of counsel indicated below.  Counsel are

7   experienced in complex class action litigation, will adequately prosecute this action, and

8   will assert and protect the rights of, and otherwise will represent the plaintiff and absent

9   Class members.

10      40.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on

11  behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin

12  and prevent Defendant from engaging in the acts described, and requiring Defendant to

13  provide full restitution to Plaintiff and Class members.

14      41.    Unless a Class is certified, Defendant will retain monies received as a result

15  of its conduct that were taken from Plaintiff and Class members.  Unless a Class-wide

16  injunction is issued, Defendant will continue to commit the violations alleged, and the

17  members of the Class and the general public will continue to be deceived.

18      42.    Defendant has acted and refused to act on grounds generally applicable to

19  the Class, making appropriate final injunctive relief with respect to the Class as a whole.

20                              **COUNT I**

21          **Violation of Business & Professions Code §17200, *et seq.***

22      43.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs

23  above, as if fully set forth herein.

24      44.    Plaintiff brings this claim individually and on behalf of the Class.

25      45.    As alleged herein, Plaintiff has suffered injury in fact and lost money or

26  property as a result of Defendant's conduct because she purchased the Product in reliance

27                              Exh. A
                                124

28                              - 12 -

on Defendant's brain health representations, but did not receive a product that supports brain health.

46.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.    In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

47.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.   Such conduct is ongoing and continues to this date.

48.     Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising, misrepresented and omitted material facts regarding its BrainStrong products, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

49.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.   Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.   This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

50.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

51.     Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent

Exh: A
125
- 13 -

business act or practice."

52.    Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

53.    Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

54.    As a result of its deception, Defendant has been able to reap unjust revenue and profit.

55.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

56.    Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**
**Violations of the Consumers Legal Remedies Act –**
**Civil Code §1750 *et seq.***

57.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58.    Plaintiff brings this claim individually and on behalf of the Class.

59.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). The BrainStrong products are "goods" within the meaning of the Act.

60.    Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with

- 14 -
126

Ehx. A

Plaintiff and the Class which were intended to result in, and did result in, the sale of the BrainStrong products:

(5)     Representing that [the BrainStrong products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*     \*     \*

(7)     Representing that [the BrainStrong products are] of a particular standard, quality or grade . . . if [they are] of another.

\*     \*     \*

(9)     Advertising goods . . . with intent not to sell them as advertised.

\*     \*     \*

(16)    Representing that [the BrainStrong products have] been supplied in accordance with a previous representation when [they have] not.

61.     Defendant violated the Act by representing and failing to disclose material facts on the BrainStrong labels and associated advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

62.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

63.     Pursuant to §1782 of the Act, by letter dated March 16, 2012, Plaintiff notified Defendant in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

64.     Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the

Exh. A
127

- 15 -

date of written notice pursuant to §1782 of the Act.  Therefore, Plaintiff further seeks actual, punitive and statutory damages.

65.    Defendant's conduct is fraudulent, wanton and malicious.

**COUNT III**
**Violation of State Consumer Protection Laws**

66.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

67.    In the alternative to Counts I and II above, Plaintiff and the Class allege that I-Health violated the substantive consumer protection and unfair trade practice acts or statutes of all states whose laws do not materially conflict with each other for purposes of this action.

68.    By reason of the conduct alleged herein, by advertising and marketing BrainStrong in various media, including on the packaging and labeling, I-Health misled consumers about the brain health benefits of its Products.  I-Health intentionally engaged in these deceptive acts and made false and misleading representations and omitted material facts.

69.    While discovery may alter the following, Plaintiff preliminarily avers that Defendant violated the laws prohibiting unfair and deceptive trade practices of the states and territories wherein Class members reside, including:  Alaska Stat. §45.50.471 et seq.; Ark. Code §4-88-101 et seq.; Cal. Bus. & Prof. Code §17200 et seq.; California Civil Code §1750 et seq.; Colo. Rev. Stat. § 6-1-101, et seq.; Conn. Gen. Stat. §42-110b et seq.; 6 Del. Code §2511 et seq.; D.C. Code §28-3901 et seq.; Fla. Stat. §501.201 et seq.; Fla. Stat. §§817.06; Haw. Rev. Stat. §480 et seq.; Idaho Code §48-601 et seq.; 815 Ill. Comp. Stat. 502/1, et seq.; Iowa Code §714H et seq.; Kan. Stat. §50-623 et seq.; Ky. Rev. Stat. §367.110 et seq.; La. Rev. Stat. §51:1401 et seq.; Me. Rev. Stat. tit. 5 §205-A et seq.; Mass. Gen. Laws ch.93A et seq.; Md. Com. Law Code §13-101 et seq.; Mich. Stat. §445.901 et seq.; Minn. Stat. §8.31 et seq.; Miss. Code Ann. § 75-24-1 et seq.; Missouri

- 16 -

Ehx. A
/28

1   Stat. §407.010 et seq.; Mont. Code §30-14-101 et seq.; Neb. Rev. Stat §59-1601 et seq.;

2   Nev. Rev. Stat. §598.0903 et seq.; N.H. Rev. Stat. §358-A:l et seq.; N.J. Rev. Stat. §56:8-

3   1 et seq.; N.M. Stat. §57-12-1 et seq.; N.Y. Gen. Bus. Law §349 et seq.; N.C. Gen. Stat.

4   §75-1.1 et seq.; N.D. Cent. Code §51-15-01 et seq.; Okla. Stat. 15 §751 et seq.; Or. Rev.

5   Stat. §646.605 et seq.; R.I. Gen. Laws. §6-13.1-1 et seq.; S.C. Code Laws §39-5-10 et

6   seq.; S.D. Code Laws §37-24-1 et seq.; Tenn. Code §47-18-101 et seq.; Tex. Bus, & Com.

7   Code §17.41 et seq.; Utah Code. §13-11-1 et seq.; 9 Vt. §2451 et seq.; Va. Code §59.1-

8   196 et seq.; Wash. Rev. Code. §19.86.010 et seq.; and West Virginia Code §46A-6-l01 et

9   seq.

10       70.    For example, the Washington Consumer Protection Act, Rev. Code §

11   19.86.020, declares that "[u]nfair methods of competition and unfair or deceptive acts or

12   practices in the conduct of any trade or commerce are declared unlawful." Defendant's

13   marketing, advertising, labeling, packaging and sale of BrainStrong is "commerce" as

14   defined by the Washington Consumer Protection Act. Rev. Code § 19.86.010(2).

15   Defendant violated the Washington Consumer Protection Act by representing through its

16   advertisements that BrainStrong supports brain health when such representations and

17   advertisements were false, and misleading. Defendant's conduct, including

18   misrepresenting the efficacy of its Products in the course of commerce had the capacity to

19   and did inflict real injury and damage upon the Class. Rev. Code § 19.86.093. As a result

20   of Defendant's unlawful conduct, the Class is entitled to judgment, full restitution and

21   damages, including treble damages. Rev. Code § 19.86.090. Plaintiff and Class members

22   are also entitled to costs, including attorneys' fees. *Id.*

23       71.    As a direct and proximate result of I-Health's statutory violations, Plaintiff

24   and Class members have been injured and suffered damages, including all monies paid for

25   BrainStrong.

26

27                                **COUNT IV**
                          **Breach of Express Warranty**

28                                   - 17 -

                                  Exh. A
                                  129

72.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

73.     Plaintiff brings this claim individually and on behalf of the Class.

74.     The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

75.     At all times, California and the following 13 states, including the District of Columbia, have codified and adopted the provisions the Uniform Commercial Code governing the express warranty of merchantability:   Ala. Code 1975 §7-2-313; Alaska Stat. §45.02.313; Cal. Com. Code §2313; Colo. Rev. Stat. Ann. §4-2-313; Conn. Gen. Stat. §42a-313; D.C. Code §28:2-313; Haw. Rev. Stat. §490:2-313; Ind. Code. Ann. §26-1-2-313; Kans. Stat. Ann. §84-2-313; N.Y. U.C.C. Law §2-313; Ohio Rev. Code Ann. §1302.26; Wash. Rev. Code. Ann. §62A.2-313; and Wis. Stat. Ann. §402.313.

76.     Defendant expressly warranted on each and every box of BrainStrong that the Products "support brain development and function" in children and adults alike.  The brain health representations made by Defendant are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise.   Plaintiff placed importance on Defendant's brain health representations.

77.     All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

78.     Defendant was provided notice of these issues by, *inter alia*, the instant Complaint and its predecessors.

Exh. A
130
- 18 -

79.     Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that would support brain health as represented.

80.     As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

E.     Awarding statutory and punitive damages, as appropriate.

F.     Ordering Defendant to engage in a corrective advertising campaign;

G.     Awarding attorneys' fees and costs; and

H.     Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: May 30, 2012                BONNETT, FAIRBOURN, FRIEDMAN
                                   & BALINT, P.C.

                                   Todd D. Carpenter
                                   600 W. Broadway, Suite 900
                                   San Diego, California 92101

1   tcarpenter@bffb.com
    Telephone:  (619) 756-6978
2

3   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
4   Patricia N. Syverson
    2901 N. Central Ave., Suite 1000
5   Phoenix, AZ 85012
6   psyverson@bffb.com
    Telephone:  (602) 274-1100
7   LEVIN, FISHBEIN, SEDRAN & BERMAN
    Stewart Weltman, of Counsel
8   122 S. Michigan Avenue, Suite 1850
9   Chicago, Illinois 60603
    Telephone:  (312) 427-3600
10

11  LEVIN, FISHBEIN, SEDRAN & BERMAN
    Howard J. Sedran
12  510 Walnut Street
    Philadelphia, Pennsylvania 19106
13  Telephone: 215-592-1500

14  Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26                              Ehr. A
27                               132
                                - 20 -
28

## PROOF OF SERVICE

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Maricopa, and my business address is 2901 N. Central Avenue, Suite 1000, Phoenix, Arizona 85012.

On May 30, 2012, I caused to be served the following documents:

## SECOND AMENDED CLASS ACTION COMPLAINT

☐   **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (t)): From fax number (213) 406-1101 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

☒   **VIA ELECTRONIC FILING:** Complying with Code of Civil Procedure section 1010.6 and pursuant to agreement by the parties, I caused such document(s) to be electronically served by e-mail to the parties listed on the Service List.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

☐   **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☐   BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))

☐   BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))

☐   BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2012, at Phoenix, Arizona.

Nancy A. Selden, Legal Assistant

Exh. A
133

- 21 -

1

<u>SERVICE LIST</u>

2

Jovel v. I-Health, Inc.
Case No. BC481048

3

4    HOGAN LOVELLS US LLP

Robert B. Hawk (Bar No. 118054)

5    2 Kristi K. Elder (Bar No. 231996)

Jenny Q. Shen (Bar No. 278883)

6    525 University Avenue, 4th Floor

Palo Alto, CA  94301

7    Telephone: (650) 463-4000

Facsimile: (650) 463-4199

8    

robert.hawk@hoganlovells.com

9    kris.elder@hoganlovells.com

jenny.shen@hoganlovells.com

10   

11   Attorneys for Defendant

12   I-HEALTH, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Exh. A

134

27

- 22 -

28

# Exhibit A

Ehx. A
135





## Give your child a "vitamin" for their brain every day!

The school-age years bring a whole new set of challenges for young children. Ensuring that they get the proper amount of rest and eat a healthy diet is key. Supplementing their diet with DHA, an Omega-3 fatty acid and essential brain nutrient, will help keep your child's brain functioning at its best.*

BrainStrong™ Kids great tasting gummies contain life'sDHA™, the same brand of DHA found in infant formula. Since most kids don't eat the foods that naturally contain DHA, a supplement containing DHA is especially important to help promote optimal brain function.*

## Supplement Facts

Serving Size: One (1) Gummy          Servings Per Container: 30

| | Amount Per Serving | % DV 3 years of age | % DV 4+ years of age |
|---|---|---|---|
| Calories | 5 | | |
| Carbohydrates | 1g | 0% | 0% |
| Sugars | 1g | | |
| Vitamin A (Palmitate) | 2500 IU | 100% | 50% |
| Vitamin C (as Ascorbic Acid) | 60 mg | 150% | 100% |
| Vitamin D (as Cholecalciferol) | 200 IU | 50% | 50% |
| Vitamin E (as d-tocopherol acetate) | 10 IU | 100% | 33% |
| Riboflavin (Vitamin B2) | 1.6 mg | 200% | 94% |
| Vitamin B6 (Pyridoxine HCl) | 1.5 mg | 100% | 75% |
| Pantothenic Acid (as d-panthenol) | 5 mg | 100% | 50% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † | † |

*Percent Daily Values based on a 2,000 calorie diet.   † Daily Value not established.

Other Ingredients: Glucose syrup, sugar, gelatin, dextrose, orange flavor, soy lecithin, lemon flavor, natural strawberry (containing glycerol, coconut oil, citric acid, malic acid, glazing agent (fractionated coconut oil and/or palm kernel oil, coconut oil, and high oleic sunflower oil, and carnauba wax), sunflower oil, anthocyanins, water.

**Directions:** For children 3+ years of age, chew one gummy daily. Not intended for children under 3 years of age due to risk of choking. THIS PRODUCT IS INTENDED FOR USE UNDER ADULT SUPERVISION ONLY. KEEP OUT OF REACH OF CHILDREN.

Distributed by AmeriFit, Inc. Cromwell, CT 06416. Made in the United Kingdom.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

life'sDHA™ is from an all-natural, vegetarian source of DHA: not fish. You get the benefits of DHA without the worry of ocean-borne pollutants and toxins potentially found in certain fish, from a state-of-the-art, food-inspected facility with controls in place to ensure the highest quality product.

Tamper evident: Do not use if blister foil or seal is open or damaged. Store at room temperature. Do not expose to excessive humidity or direct sunlight.

For questions, comments, or to report an adverse event, please call (800) 723-3476, www.brainstrongdha.com

BrainStrong™ is a trademark of Martek Biosciences Corporation.

© Amerifit, Inc. 2011

CR314/1

Enc A
137



NATURAL DHA DAILY SUPPLEMENT

# bräinstrong™

powered by **life'sDHA**

NATURAL DHA DAILY SUPPLEMENT

# bräinstrong™

**NEW!**   powered by **life'sDHA**

## TODDLER

Supports brain development and function[*]

Contains the same brand of DHA found in infant formula

Flavorless, convenient to use

**30** 100mg DHA packets

---

## bräinstrong™

powered by **life'sDHA**

## Supplement Facts

Serving Size: One (1) Packet
Servings Per Container: 30

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Calories | 10 | |
| Calories from fat | 5 | |
| Total fat | 0.5 g | 1%** |
| Sodium | 10 mg | 0% |
| Total carbohydrate | 1g | 0% |
| DHA (docosahexaenoic acid from algal oil) | 100 mg | † |
| Vitamin C | 90 mg | 150% |

**Percent Daily Values based on a 2,000 calorie diet.
† Daily Value not established.

Other Ingredients: Gelatin, sugar, corn starch, arachidonic acid oil, sodium ascorbate, soy lecithin. Contains fish and soy.

Directions: For children ages 1- 3 years - One (1) packet of BrainStrong Toddler per day.

As with any nutritional supplement, please inform your healthcare professional before use.

Distributed by Amerifit, Inc. 55 Sebethe Drive, Cromwell, CT 06416
© Amerifit, Inc. 2010

| For best results, mix one packet of BrainStrong Toddler into the following foods: | |
|---|---|
| 4 oz. yogurt | 1/3 cup mac-n-cheese |
| 4 oz. pudding | 1/4 cup mashed potatoes |
| 1/2 cup oatmeal | 1 cup 2% milk |

For questions, concerns, or to report an adverse event, please call (800) 722-3476. www.brainstrongdha.com

Exh. A
138



# bräinstrong™
powered by **life'sDHA**

## Give your child a boost during this intense period of growth and development!

DHA is an Omega 3 fatty acid that is vital for brain and eye development not only during infancy but throughout your child's developmental years.* Since your child is no longer breast or bottle-feeding, they may not be receiving the amount of DHA that he or she needs.

BrainStrong™ Toddler contains life'sDHA™, the same safe and natural DHA found in infant formula, to help meet your child's continuous need for DHA during this intense period of growth and development.* Since most kids don't eat the foods that naturally contain DHA, a DHA supplement is especially important during this time. Flavorless and convenient to use, just sprinkle BrainStrong Toddler on your little one's favorite foods daily and give them an added boost they need.

**life'sDHA** is from an all-natural, vegetarian source of DHA; not fish. You get the benefits of DHA without the worry of ocean-borne pollutants and toxins potentially found in certain fish. From start to finish, life'sDHA™ is produced in an FDA-inspected facility with controls in place to ensure the highest quality product.

life'sDHA™ is a trademark of Martek Biosciences Corporation.

Keep out of reach of children.
Tamper evident: Powder sealed in packet. Do not use if packet is torn, open or damaged.
Store at room temperature. Do not expose to excessive heat, humidity or direct sunlight.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

LOT 1116682US EXP 10/12

3  7 00020 19269  0





1   HOGAN LOVELLS US LLP
    Robert B. Hawk (Bar No. 118054)
2   Kristi K. Elder (Bar No. 231996)
    Jenny Q. Shen (Bar No. 278883)
3   525 University Avenue, 4th Floor
    Palo Alto, California 94301
4   Telephone:     (650) 463-4000
    Facsimile:     (650) 463-4199
5   robert.hawk@hoganlovells.com
    kris.elder@hoganlovells.com
6   jenny.shen@hoganlovells.com

7
    Attorneys for Defendant
8   I-HEALTH, INC.

9
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                    COUNTY OF LOS ANGELES – CENTRAL DISTRICT
11

12
    AMY JOVEL, On Behalf of Herself and      Case No.  BC481048
13  All Others Similarly Situated,
                                             **STIPULATION AND [PROPOSED] ORDER**
14                Plaintiff,                  **REGARDING BRIEFING SCHEDULE FOR**
                                             **MOTION TO STAY**
15           v.
                                             Dept.: 311
16  I-HEALTH, INC., a Delaware Corporation,  Judge: Hon. John Shepard Wiley
                                             Trial Date: None Set
17                Defendant.                  Action Filed: March 16, 2012

18

19        WHEREAS, on May 25, 2012, at the initial status conference, the parties discussed

20  Defendant's intention to file a motion to stay the case and set a briefing schedule for the same;

21        WHEREAS, the current briefing schedule for Defendant's motion to stay contemplates a

22  motion due on June 20, 2012, an opposition to such motion due on July 5, 2012, and the reply

23  brief in support of such motion due on July 12, 2012;

24        WHEREAS, the date of the hearing for Defendants' motion to stay is currently set for July

25  24, 2012;

26        WHEREAS, pursuant to stipulation by the parties filed on May 31, 2012 and related

27  Order of this Court, plaintiffs are permitted to file a Second Amended Complaint, which, among

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO                    DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

\\039033/000003 - 1022017 v1                Ex. A

1  other things, purports to expand the putative class to a multi-state class;

2  WHEREAS, Defendants are evaluating whether to remove and whether facts support

3  removal, and the deadline for Defendants to remove this action to federal court is June 30, 2012;

4  and

5  WHEREAS, a motion to stay will not be necessary if Defendants choose to remove the

6  case.

7  NOW THEREFORE, the parties jointly request that a revised briefing schedule for the

8  motion to stay be set so that such motion will be due on July 13, 2012, the opposition to such

9  motion will be due on July 30, 2012, and the reply in support of such motion will be due on

10  August 6; and

11  THEREFORE, the parties jointly request that the Court vacate the hearing set for July 24,

12  2012 and reserve a date in August 2012 for the hearing on the motion to stay.

13  IT IS SO STIPULATED.

14  Dated: June 7, 2012                      HOGAN LOVELLS US LLP

15

16  By: _____
                                              Robert B. Hawk

17

18                                            Attorneys for Defendant
                                              I-HEALTH, INC.

19  Dated: June 7, 2012                      BONNETT, FAIRBOURN, FRIEDMAN &
                                              BALINT, P.C.
20                                                        and
                                              LEVIN, FISHBEIN, SEDRAN & BERMAN
21

22

23  By: _____
                                              Patricia N. Syverson

24
                                              Attorneys for Plaintiff
25                                            AMY JOVEL

26  IT IS SO ORDERED.

27  Dated: June ___, 2012

28                                            _____
                                              Judge, Superior Court of the State of California
                                              County of Los Angeles

DEFENDANT I-HEALTH'S STATUS CONFERENCE REPORT

\\039033/000003 - 1022017 v1

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Hogan Lovells US LLP, 4 Embarcadero Center, 22nd Floor, San Francisco, California 94111. On June 7, 2012, I served a copy of the within document(s):

STIPULATION AND [PROPOSED] ORDER REGARDING
BRIEFING SCHEDULE FOR MOTION TO STAY

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

SEE SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 7, 2012, at San Francisco, California.

_____
Gregory Johnson

Ex. A
PROOF OF SERVICE

143

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE LIST

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Phone: (602) 274-1100
psyverson@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Stewart Weltman, of Counsel
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
Phone: (312) 427-3600
sweltman@futtermanhoward.com

*Attorneys for Plaintiff*
Amy Jovel

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 756-6978
tcarpenter@bffb.com

*Attorneys for Plaintiff*
Amy Jovel

LEVIN, FISHBEIN, SEDRAN &
BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, PA 19106
Phone: (215) 592-1500
hsedran@lfsblaw.com

*Attorneys for Plaintiff*
Amy Jovel

Ehr. A
144

- 2 -

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 5526 DDP (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMY JOVEL, on behalf of herself and all others similarly situated | I-HEALTH, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stewart Weltman, LEVIN, FISHBEIN, SEDRAN & BERMAN 122 S. Michigan Avenue, Suite 1850, Chicago, IL 60603 Phone: (312) 427-3600 | Robert B. Hawk, HOGAN LOVELLS US LLP 525 University Avenue, 4th Floor, Palo Alto, CA 94301 Phone: (650) 463-4000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 - Diversity; 28 U.S.C. §§ 1441, 1446, & 1453 - Removal

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-5526**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Connecticut; Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**  _Robert Hearn_     Date  _June 22, 2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |